## BOLTEN v. GENERAL MOTORS CORPORATION.

### No. 9912.

United States Court of Appeals
Seventh Circuit.
March 7, 1950.

380

Sam Mandell, Arthur C. Popham, Kansas City, Mo., John P. Conmy, Chicago, Ill. (Popham, Thompson, Popham, Mandell & Trusty, Kansas City, Mo., of counsel), for appellant.

Alvin G. Hubbard, Reese Hubbard, Chicago, Ill. (Hubbard, Hubbard & Dorgan, Chicago, Ill., of counsel), for appellee.

Before MAJOR, Chief Judge, and LINDLEY and SWAIM, Circuit Judges.

MAJOR, Chief Judge.

Plaintiff instituted his action in the court below for damages allegedly sustained by reason of personal injuries suffered July 2, 1946. The complaint alleged that plaintiff at that time was in the employ of Kelley Asbestos Products Company and was engaged in covering and wrapping overhead pipes with insulating material in the Chevrolet Division plant of defendant, General Motors Corporation, near Kansas City, Missouri. While on a scaffold ladder, a motor vehicle operated by an employee of the defendant struck the scaffold ladder and plaintiff was caught between the scaffold and girders of the building, sustaining serious injuries. Damages in the amount of $75,000 were sought.

The defendant on November 12, 1948 filed its answer, asserting two defenses: (1) the action was barred by the Illinois Statute of Limitations because it did not accrue within two years prior to filing the suit, and (2) the parties—that is, the plaintiff and the defendant, as well as Kelley Asbestos Products Company, plaintiff's employer—were operating under the Missouri Workmen's Compensation Act, Mo.R.S.A. § 3689 et seq., and that prior to the filing of the instant suit plaintiff had received an award against his employer under the Missouri Act, and that defendant's liability, if any, was discharged by payment of such award.

On the same date that defendant filed its answer, it also filed its motion for summary judgment on the ground that no cause of action was stated inasmuch as the complaint disclosed that "The cause of action accrued more than two years prior to the time of filing of suit, and is barred by Section 15, Chapter 83, Illinois Revised Statutes."

On December 1, 1948, plaintiff filed his motion for leave to dismiss, without prejudice and without cost to either party. Briefs were filed by each of the parties, both on defendant's motion for summary judgment and plaintiff's motion to dismiss. Plaintiff in his brief in support of his motion to dismiss prayed in the alternative that the cause be transferred to the District Court of the United States for the Western District of Missouri, Western Division, at Kansas City, within which division and district plaintiff's injuries were sustained.

On January 26, 1949, the court sustained defendant's motion for summary judgment on the sole ground that plaintiff's cause of action was barred by the two-year Statute of Limitations of the State of Illinois, and denied plaintiff's motion for leave to dismiss the action without prejudice and without cost, or in the alternative to have the cause transferred. Bolten v. General Motors Corp., D.C., 81 F.Supp. 851. On February 4, 1949, plaintiff filed his motion to set aside this order and for rehearing. In this motion plaintiff among other things stated that his original motion to dismiss "without cost" was inadvertently made, and offered to "pay all costs attending such dismissal as may be fixed by the Court, and now offers to comply with such conditions on such dismissal as may be imposed by the Court." This motion for rehearing was denied, and plaintiff appeals from the order of January 26, 1949.

It appears from the briefs, as well as from the opinion of the lower court, that

the State of Missouri has a five-year Statute of Limitations, Mo.R.S.A. § 1014, in contrast to the two-year Statute of Illinois, and counsel for the plaintiff frankly conceded in the court below, as well as here, that the purpose of seeking a dismissal without prejudice was so that a suit might be instituted in that jurisdiction. Counsel also in this court conceded that he made a mistake in not familiarizing himself with the Illinois limitation period prior to the commencement of the suit in this jurisdiction. It is obvious that this was a serious inadvertence on his part.

As is disclosed by the opinion of the court below, the order complained of appears to have been entered solely upon the ground that the Illinois Statute of Limitations was controlling and entitled the defendant to a summary judgment, and on this ground plaintiff's motion to dismiss his action without prejudice, or in the alternative to have the cause transferred, was denied.

Rule 41 of the Rules of Civil Procedure, 28 U.S.C.A., concerning dismissal of actions provides:

"(a) Voluntary Dismissal: Effect Thereof."

"(1) By Plaintiff; by Stipulation, or before service of answer or motion for summary judgment.

"(2) By Order of Court. Except as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper."

As already indicated, there is nothing in the opinion of the lower court or in the order appealed from which indicates what, if any, consideration was given to this rule. Obviously, plaintiff could not dismiss without an order of court under (a) (1), inasmuch as his motion was made subsequent to defendant's answer and motion for summary judgment. Plaintiff contends, however, that he had a right under (a) (2) to dismiss without prejudice "upon such terms and conditions as the court deems proper," but that in any event the denial of his motion to dismiss without prejudice was an

abuse of discretion. There is authority for plaintiff's contention that he was entitled to dismiss as a matter of right upon complying with such terms and conditions as the court might order. This court, in Hydraulic Press Mfg. Co. v. Williams, White & Co., 7 Cir., 165 F.2d 489, 495, stated as to Rule 41(a) (2), "The effect of this rule was to confer upon the court in all civil actions the equitable power to impose upon a plaintiff seeking to dismiss without prejudice 'such terms and conditions as the court deems proper'", citing Home Owners' Loan Corporation v. Huffman, 8 Cir., 134 F.2d 314. In this latter case the court gave extended consideration to the meaning and requirements of the rule under discussion. 134 F.2d on page 317, the court stated:

"The rule has long prevailed in both law and equity that a plaintiff may dismiss his case without prejudice only by payment of the costs and when the defendant will not be subjected thereby to some plain legal prejudice beyond the incidental annoyance (as distinguished from prejudice) of a second litigation upon the same subject matter. [Citing many cases.]

"Since rule 41 is declaratory of a long established practice in the courts and is intended only to clarify and make definite that practice, it should be construed with reference to the precedents."

And the court on the same page further stated: "Upon a plaintiff's motion to dismiss without prejudice the equities of the plaintiff are not a subject for consideration under the rule. The terms and conditions which the court may impose are for the protection of the rights of the defendant. [Citing cases.]"

In our view, the absolute right of a plaintiff to dismiss under (a) (2) is restricted only by the requirement that it be done "upon order of the court and upon such terms and conditions as the court deems proper." The discretion of which the authorities speak, and sometimes confusingly, is as to the "terms and conditions" rather than to the right of the plaintiff to have such "terms and conditions" fixed and to dismiss without prejudice upon compliance therewith. See Peardon v. Chap-

man et al., 3 Cir., 169 F.2d 909, 913. We think this interpretation is consistent with the purpose of the rule, that is, to protect the rights of the defendant. Of course, it is not difficult to visualize a situation where the defendant in the course of a proceeding has acquired such legal rights of a substantive nature that it could not be adequately protected by any "terms and conditions" which the court might impose as a prerequisite to the right of the plaintiff to dismiss, but we are not now confronted with such a situation.

■ The only pleadings filed by the defendant were its answer to the complaint and the motion for summary judgment and, as noted, the latter was allowed solely on the ground of the two-year Illinois limitation period. The adjudication on this issue had nothing to do with the merits of the case and meant nothing more than that the action could not proceed in the Illinois jurisdiction. Titus et ux. v. Wells Fargo Bank & Union Trust Co., 5 Cir., 134 F.2d 223, 224. And while the defendant by the allowance of plaintiff's motion may be subjected to the annoyance and expense of a suit on the merits, it will not suffer any legal prejudice.

It is, therefore, our conclusion that the court erred in denying plaintiff's motion to dismiss without fixing such "terms and conditions" as it deems proper as a prerequisite to such dismissal.

In view of what we have said, there is no occasion to consider the effect which the order appealed from might have when and if a suit is commenced in the Missouri jurisdiction. Neither do we see any reason to decide whether plaintiff's settlement with his employer under the Missouri Workmen's Compensation Act constitutes a bar to an action against the defendant. That question may be more appropriately determined by the Missouri court if and when the occasion arises.

The order appealed from is reversed and the cause remanded, with directions that it be vacated and an order entered permitting the plaintiff to dismiss his complaint without prejudice "upon such terms and conditions as the court deems proper."