**UNITED STATES v. E. I. DU PONT DE NEMOURS & CO. et al.**

**No. 49 C 1071.**

United States District Court
N. D. Illinois, E. D.

Feb. 10, 1953.

See also, D.C., 13 F.R.D. 487.

E. Houston Harsha, Anti-trust Division, Dept. of Justice, Mark H. Clayton, Chicago, Ill., Alexander L. Nichols, Morris, Steel, Nichols & Arsht, William S. Potter, Berl, Potter & Anderson and William Poole, Wilmington, Del., for certain individual defendants.

Sidley, Austin, Burgess & Smith, Chicago, Ill., Root, Ballantine, Harlan, Bushby & Palmer, New York City, for Pierre du Pont, Irenie du Pont, E. I. du Pont de Nemours, Christiana Securities, Delaware Realty & Investment.

Covington & Burling, Washington, D. C., for E. I. du Pont de Nemours & Co.

Pope & Ballard, Chicago, Ill., for General Motors Corp.

Snyder, Chadwell & Fagerburg, Chicago, Ill., Arthur, Dry & Dole, New York City, for United States Rubber.

Richards, Layton & Finger, Wilmington, Del., for Wilmington Trust Co., Christiana Securities, Delaware Realty & Investment.

Winston, Strawn, Black & Towner, Chicago, Ill., for Wilmington Trust Co.

Andrew J. Dallstream, Howard Ellis, A. Leslie Hodson and Claude A. Roth, Chicago, Ill., guardian ad litem for certain minor defendants.

LA BUY, District Judge.

The government has filed its motion to dismiss the complaint without prejudice as to thirty-six named defendants pursuant to Rule 21 and Rule 41(a) (2) of the Federal Rules of Civil Procedure, 28 U.S.C.A.

The issue before the court is whether the court should allow the dismissal without prejudice. The defendants urge that the dismissal, if any, should be with prejudice for the following reasons:

(1) that such a dismissal would irreparably harm and effect the defense which these defendants would be called upon to make should a second suit be brought against them in that (a) the transactions involved in the present case deal with complicated commercial transactions between three large corporations over a period of thirty-five years which corporations have the facilities and a staff of employees to examine and analyze all the transactions involved in the present action, and (b) three of the principal witnesses in the case are approximately eighty years of age and may not be available to testify for these defendants when called upon to assert their defense in any subsequent suit.

(2) These proceedings have been pending since June 30, 1949; more than three and one-half years have passed in which evidence has been developed and prepared for trial. Further, during the entire period the proceeding has been the subject of numerous news articles, and a large amount of undesirable publicity was given to the defendants.

(3) the defendants have been subjected to great inconvenience and expenses in that (a) they are appearing in a forum 800 miles from home; have made all arrangements to defend and produce such witnesses as may be necessary to meet the charge against them; (b) oral depositions of certain class defendants had been taken, including a substantial number of these thirty-six defendants; production of documents and material pursuant to subpoena duces tecum have been produced at great effort and expense; answers have been filed to the amended complaint by these adult defendants.

Rule 21 of the Federal Rules of Civil Procedure provides:

"Misjoinder of parties is not ground for dismissal of an action. Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just. * * *"

In view of the wide possibilities of joinder of parties under present Rules 18, 19 and 20, Rule 21 provides for any difficulty which may be procedurally objectionable, such as indispensability, same transaction and common question tests. Rule 21 controls in situations where Rules 18, 19 or 20 have been violated.

Moore's Federal Practice, Volume 3, page 2094 states:

"Since misjoinder is not a ground for dismissal, the objection may not be raised by a motion to dismiss, or by a motion to quash the service and return of summons, but the proper motion is to drop the misjoined party or to sever the misjoined claim. * * * A motion to drop a party is addressed to the court's discretion and will not be granted if the propriety of joinder is one of the issues to be determined at the trial."

The basis for the government's motion to dismiss the action is set forth therein as follows:

"because it has been concluded that the retention of these defendants is not necessary to obtain effective relief from the illegal activities alleged in the complaint, and because the evidence of participation of these defendants is not sufficiently strong to justify their retention in view of the substantial practical trial difficulties

presented by the large number of defendants added to the case on July 28, 1952. If plaintiff's motion is granted the length of trial will be materially shortened."

In orally presenting the above motion, the government stated: (TR. 821)

"Now, in dismissing these eighty-three defendants, your Honor, we are not only formally dismissing them as defendants; we are withdrawing any charge whatever of participation as coconspirators on the part of these persons in a conspiracy and combination alleged in the complaint."

and in addition it urged that it could not agree to a dismissal with prejudice for the reason: (TR 1252)

"as I understand our obligations under law we would have to assure ourselves in the exercise of the highest type of our duty, as I see it, at least, not only that we didn't have evidence against these thirty-five that we thought sufficient to warrant their retention, but that we believed upon the evidence available to us that these thirty-five and every one of them had not committed any violation of the Sherman Act [15 U.S.C.A. §§ 1–7, 15 note] or of the Clayton Act [15 U.S.C.A. § 12 et seq.]. Because we are not prepared to say that, the government must necessarily adhere to its position, stated in its motion, that it seeks dismissal of these thirty-five without prejudice."

It is clear the government does not base its motion upon a technical violation of the joinder of parties procedure, but rather upon the fact that the government's preparation and study of the case prior to presentation of evidence has disclosed they are not necessary to the relief prayed for. The motion does not assert or admit that these defendants were not properly included as parties to the conspiracy alleged in the complaint filed, but merely asserts it is in no position to say they have not violated the antitrust statutes.

█ While Rule 21 contemplates dropping parties at any stage of the proceedings "on such terms as are just" and is addressed to the court's discretion, application of the rule is premised upon a defect of parties. In the instant motion the court is not confronted with the problem of whether these defendants are necessary, proper or indispensable parties to the action. The government merely says that they are not necessary to the relief prayed for in the complaint though they may be participants in the violation charged.

█ It thus seems that the motion partakes of a true dismissal of the action against these particular defendants and should be considered in the light of the philosophy underlying Rule 41 of the Federal Rules of Civil Procedure though its operation is limited to these defendants and not to the entire action.

█ Rule 41 in so far as it is pertinent to the consideration of this motion provides

"(a) Voluntary Dismissal: Effect Thereof

"(1) By Plaintiff; by Stipulation. Subject to the provisions of Rule 23 (c), of [sic] Rule 66, and of any statute of the United States, an action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs, or (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action. Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of the United States or of any state an action based on or including the same claim.

"(2) By Order of Court. Except as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and

upon such terms and conditions as the court deems proper. If a counterclaim has been pleaded by a defendant prior to the service upon him of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court. Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice."

The litigants agree that subdivision (1) of this rule accords to the movant an absolute right of dismissal without prejudice if no answer or motion for summary judgment has been filed. In the instant case, answer having been filed, subdivision (2) of the rule is applicable. The court is confronted with a dispute between the litigants as to whether or not this court under this subdivision has a discretion in the matter of granting the motion without prejudice. The government contends that the court is without discretion and must grant such a motion; that the discretion attaches only to the "terms and conditions" of such dismissal. It leans heavily on Bolten v. General Motors Corporation, 7 Cir., 1950, 180 F.2d 379, 381, 21 A.L.R.2d 623, as authority for its position. But the defendants attempt to distinguish the facts in this case from the Bolten case. The opinion in the Bolten case, supra, reads in part as follows:

"* * * This court, in Hydraulic Press Mfg. Co. v. Williams, White & Co., 7 Cir., 165 F.2d 489, 495, stated as to Rule 41(a) (2), 'The effect of this rule was to confer upon the court in all civil actions the equitable power to impose upon a plaintiff seeking to dismiss without prejudice "such terms and conditions as the court deems proper" ', citing Home Owners' Loan Corporation v. Huffman, 8 Cir., 134 F.2d 314. In this latter case the court gave extended consideration to the meaning and requirements of the rule under discussion. 134 F.2d on page 317 the court stated:

" 'The rule has long prevailed in both law and equity that a plaintiff may dismiss his case without prejudice only by payment of the costs and when the defendant will not be subjected thereby to some plain legal prejudice beyond the incidental annoyance (as distinguished from prejudice) of a second litigation upon the same subject matter. (Citing many cases.)

" 'Since rule 41 is declaratory of a long established practice in the courts and is intended only to clarify and make definite that practice, it should be construed with reference to the precedents.'

\* \* \* \* \* \*

"In our view, the absolute right of a plaintiff to dismiss under. (a) (2) is restricted only by the requirement that it be done 'upon order of the court and upon such terms and conditions as the court deems proper.' The discretion of which the authorities speak, and sometimes confusingly, is as to the 'terms and conditions' rather than to the right of the plaintiff to have such 'terms and conditions' fixed and to dismiss without prejudice upon compliance therewith. See Peardon v. Chapman et al., 3 Cir., 169 F.2d 909, 913. We think this interpretation is consistent with the purpose of the rule, that is, to protect the rights of the defendant. Of course, it is not difficult to visualize a situation where the defendant in the course of a proceeding has acquired such legal rights of a substantive nature that it could not be adequately protected by any 'terms and conditions' which the court might impose as a prerequisite to the right of the plaintiff to dismiss, but we are not now confronted with such a situation."

This analysis of the rule has been criticized by the judges of the Third Circuit in Ockert v. Union Barge Line Corp., 3 Cir., 1951, 190 F.2d 303, 304 as follows:

"The view that, except in the instances provided for, the grant or denial of voluntary dismissal without

496

prejudice is a matter of judicial discretion has been accepted by the great majority of the District Courts and the Courts of Appeals in this country. It is supported by the Supreme Court. The one notable exception is a recent opinion by our brethren in the Seventh Circuit in which it was said that the 'terms and conditions' are the only matter to which the trial court's discretion is to be applied. The view of this Circuit has already been expressed in a previous decision. We stated that the matter was one for the discretion of the trial judge. We are content to follow our previously expressed view, which is supported, as already indicated, by the great weight of authority. We follow it not only because it is the majority view but because we think it is right."

In addition, Professor Moore in his treatise on Federal Practice, Volume 5, page 1019, footnote 5, states:

"The granting of the motion is within the discretion of the court. Citing cases. The dismissal is not a matter of right. Citing cases. Bolten v. General Motors, 7 Cir., 1950, 180 F.2d 379 is directly to the contrary and to our mind misconstrues the rule."

In support of its conclusion the Third Circuit in Ockert v. Union Barge Lines Corp., supra., cited Cone v. W. Va. Pulp & Paper Co., 1946, 330 U.S. 212, 67 . S.Ct. 752, 91 L.Ed. 849. In that case the Supreme Court said, 330 U.S. at page 217, 67 S.Ct. at page 755:

"Traditionally, a plaintiff in such a dilemma has had an unqualified right, upon payments of costs, to take a nonsuit in order to file a new action after further preparation, unless the defendant would suffer some plain legal prejudice other than the mere prospect of a second lawsuit. [Citing cases.] Rule 41(a) (1) preserves this unqualified right of the plaintiff to dismissal without prejudice prior to the filing of defendant's answer. And after the filing of an answer, Rule 41(a) (2)

still permits a trial court to grant a dismissal without prejudice 'upon such terms and conditions as the court deems proper.' "

■ It is not the province of this court to resolve the apparent conflict, bound as it is to follow the rule of the Seventh Circuit. But it seems to this court after a study of the many cases, that whether the approach to this problem be from the standpoint of a matter of right of the plaintiff or an exercise of the discretion of the court, the path to be followed to the resolution of the problem never deviates. Inherent in and inextricably interwoven into the consideration of a motion of this nature is an evaluation of the rights of the defendants. The determining factor is whether the defendant would suffer an injustice which could not be rectified by the imposition of terms and conditions and would therefore require a dismissal with prejudice.

■ Rule 41(a) (2) authorizes an order of dismissal only upon application to the court. It did not contemplate that an order would summarily issue upon the presentation of such a motion without weighing its propriety. Especially is this true where the defendants raise objection to such a request.

■ Thus, the court is called upon to survey and analyze the entire record of the case in order to determine whether a dismissal without prejudice would violate any of the defendants' substantial legal rights. For in resolving the motion, the court must apply the time-honored test which existed long before the adoption of Rule 41 in 1938 and was stated in Pullman Car Co. v. Central Transportation Co., 1897, 171 U.S. 138, 146, 18 S.Ct. 808, 811, 43 L.Ed. 108, as follows:

"From these cases we gather that there must be some plain, legal prejudice to defendant to authorize a denial of the motion to discontinue. Such prejudice must be other than the mere prospect of future litigation rendered possible by the discontinu-

ance. If the defendants have acquired some rights which might be lost or rendered less efficient by the discontinuance, then the court, in the exercise of a sound discretion, may deny the application."

Have the defendants acquired in the course of these proceedings some substantial right or advantage which will be lost or rendered less effective by a dismissal without prejudice? The difficulty is in determining what constitutes prejudice to the defendants' rights since it is settled that the mere fact the defendants are exposed to another suit is not such a prejudice.

It is urged that the nature of the defense accruing to these defendants would be weakened and rendered less efficient since the corporate defendants have the "facilities to examine and analyze" the myriad transactions upon which the charge of violation of the anti-trust laws is based. The court is not convinced that in the event of a subsequent suit based on the same transactions, that these defendants would be deprived of the use of the records of these transactions or the facilities for examining and analyzing the same. The court is concerned with the deprivation of substantial legal rights, such as loss or unavailability of a defense, and not mere convenience, or easy accessibility, to proof.

 As to the possible loss of the benefit of the oral testimony of the three aged defendants in the event of a subsequent trial, it is the court's view that this possible eventuality does not transgress upon any substantial legal rights of these defendants.

 The court will take judicial notice of the fact that this litigation has been widely publicized. Unless it is shown that the plaintiff is guilty of instigating this publicity, and it is shown to have been harmful to the defendants, the question of undesirable publicity is not a vital consideration in determining whether or not the defendants should be dismissed without prejudice. Under our philosophy of gov-

ernment, the Fourth Estate enjoys a freedom and latitude of expression beyond the control of either litigant.

 The court comes now to the last ground relied upon by these defendants— that is, expense and inconvenience caused these defendants by the filing of this suit. Herein, it is the court's opinion, lies the sole impairment or injury to these defendants. The record substantiates that these defendants have lost both time and money in the preparation of their defense. As a rule, this loss is a compensable one and is one of the "terms and conditions" contemplated by Rule 41 subject to the discretion of the court. But, in the absence of a statute authorizing the same, this court cannot give judgment against the United States for costs. United States v. Dickson, C.C. Ga.,1903, 127 F. 774, 775; United States v. Pacific Fruit & Produce Co., 9 Cir.,1943, 138 F.2d 367, 371. Thus, this court cannot condition this dismissal upon compliance with a requirement which it has no authority to impose. It is true the Court of Appeals in United States v. Pacific Fruit & Produce Co., supra, stated:

"Reading the entire record on this subject, we are convinced that the learned judge, aware that a palpable injustice would be done to the appellee if there were no award of costs in connection with a dismissal without prejudice, attempted to do indirectly what he well realized that he could not do directly. * * *"

But the ultimate dismissal with prejudice was not premised upon the inability of the court to rectify this "palpable injustice" but rather on the substantial ground of lack of preparation of the case by the government. Lack of the court's power to order that the government compensate the defendants for the expenses incurred does not constitute a legal basis for a denial of the government's motion.

For the reasons stated, the government's motion to dismiss without prejudice as to certain defendants is sustained.