**J. R. ADNEY et al., Plaintiffs-Appellees,**

v.

**MISSISSIPPI LIME COMPANY OF MISSOURI, Defendant-Appellant.**

**No. 11860.**

United States Court of Appeals
Seventh Circuit.

Feb. 8, 1957.

**44**

V. Lee McMahon, J. F. Schlafly, Jr., Karl K. Hoagland, Alton, Ill., for appellant.

Ralph T. Smith, Alton, Ill., for appellees.

Before DUFFY, Chief Judge, and SWAIM and SCHNACKENBERG, Circuit Judges.

SWAIM, Circuit Judge.

This action was commenced in the Circuit Court of Madison County, Illinois, by 461 Illinois residents seeking to enjoin the alleged tortious operation of a stone quarry by defendant, and for such other relief as might be just and equitable. Upon the application of defendant the cause was removed to the United States District Court for the Southern District of Illinois, Southern Division. On June 20, 1955, defendant filed its answer denying all averments in the complaint except the averments of the grounds upon which the court's jurisdiction was dependent, and also filed a counterclaim wherein defendant sought to restrain the plaintiffs from prosecuting damage claims in other courts pending a determination of the issues presented by the complaint and answer. On August 25, 1955, the plaintiffs filed an answer denying in general all averments in the counterclaim. Thereafter, on June 11, 1956, the plaintiffs filed a motion for voluntary dismissal of their complaint pursuant to Rule 41(a) (2), Federal Rules of Civil Procedure, 28 U.S.C.A. After hearing oral argument the District Judge granted the motion on June 29, 1956, and ordered the action dismissed at plaintiffs' costs. On July 10, 1956, defendant filed a motion to alter or amend the order of June 29, 1956, and for leave to file a cross-complaint seeking a permanent injunction to restrain the plaintiffs from prosecuting any suit against defendant except in the District Court and in the present cause. The motion was denied.

Defendant appeals from the order dismissing the action. The alleged errors relied on arise out of the dismissal without prejudice or without retaining de-

fendant's counterclaim for determination of the issues therein, and the failure to allow defendant to file its cross-complaint.

Defendant relies on Rule 41(a)(2) which prohibits the dismissal of an action at plaintiff's instance where the defendant, prior to the service upon him of plaintiff's motion to dismiss, has pleaded a counterclaim that cannot remain pending for independent adjudication by the court. The plaintiffs argue that the counterclaim sought only *pendente lite* relief and was not a bar to dismissal of the action under Rule 41(a)(2); that the so-called counterclaim was incidental to defendant's defense of the asserted claims and a favorable disposition of the counterclaim would not have entitled defendant to affirmative relief. However, defendant insists that its counterclaim, being in the nature of a "bill of peace," seeks to avoid a multiplicity of legal actions by determining in one equity suit its liability to numerous plaintiffs whose claims arise out of a single occurrence and involve a common question of law, and that it could maintain an independent action to obtain such relief. See Yuba Consolidated Gold Fields v. Kilkeary, 9 Cir., 206 F.2d 884. Although the plaintiffs challenge the sufficiency of the counterclaim, insisting that it does not state a claim for such relief, this court is of the opinion that it meets the requirements of Rule 8(a), Federal Rules of Civil Procedure, 28 U.S.C.A., and that the counterclaim sets forth a claim for relief cognizable in the District Court. See Yuba Consolidated Gold Fields v. Kilkeary, 9 Cir., 206 F.2d 884, and cases cited therein. The question whether equity jurisdiction will be exercised, however, rests in the sound discretion of the District Judge, Yuba Consolidated Gold Fields v. Kilkeary, supra, but we think the District Judge here failed to exercise that discretion. The order dismissing the action reads as follows:

"This matter is before the Court on Plaintiff's Motion to Dismiss their Complaint herein. To this motion objection is interposed by the defendant, because of it having answered and filed a Counterclaim. In the Counterclaim the only relief asked for by the defendant is that the Court require the plaintiffs and the several insurance carriers to withhold prosecution of their claims until the Court has determined the issues presented herein. The issues presented herein have never been determined by the Court, and I am told by the plaintiffs' Motion to Dismiss that they do not wish to have them determined.

"I have examined the authorities referred to on the oral argument, but I find nothing that would warrant my denying plaintiffs' motion to dismiss their suit. I have this day entered the following order:

" 'Motion by Plaintiffs to Dismiss allowed. Suit dismissed at Plaintiffs' costs.'

"Dated this 29th day of June, A. D. 1956."

Since defendant is entitled to have the District Court exercise its judicial discretion in determining whether the court shall assume jurisdiction of the counterclaim, we must reverse and remand the cause for further proceedings.

Further, it appears that the District Court, after dismissing the counterclaim as a matter of law, adopted plaintiffs' erroneous view that this court's decision in Bolten v. General Motors Corp., 7 Cir., 180 F.2d 379, is still good law in this circuit. It was there held that a plaintiff had an absolute right of dismissal under Rule 41(a)(2), Federal Rules of Civil Procedure, 28 U.S.C.A., restricted only by the requirement that the dismissal be upon order of the court and upon such terms and conditions as the court might deem proper, and that the only discretion was as to the terms and conditions. This interpretation was subsequently rejected in Grivas v. Parmelee Transportation Co., 7 Cir., 207 F.2d 334, certiorari denied 347 U.S. 913, 74 S.Ct. 477, 98 L.Ed. 1069, where the court stat-

**46**

ed that the allowance of a motion to dismiss under Rule 41(a) (2) is not a matter of right, but is discretionary with the District Court *both* as to whether a dismissal shall be allowed as well as to the terms and conditions to be imposed if allowed.

In our view of the case it is not necessary to consider whether the District Court properly denied defendant leave to file its cross-complaint.

The order of dismissal is reversed and the cause remanded for further proceedings consistent with this opinion.

Reversed and remanded.