In the

# United States Court of Appeals
## For the Seventh Circuit

No. 05-4248

BONNIE M. WOJTAS and RICHARD J. WOJTAS,

*Plaintiffs-Appellants,*

*v.*

CAPITAL GUARDIAN TRUST COMPANY now known as
CAPITAL BANK & TRUST COMPANY,

*Defendant-Appellee.*

Appeal from the United States District Court
for the Western District of Wisconsin.
No. 05 C 317—**John C. Shabaz**, *Judge.*

ARGUED MAY 1, 2006—DECIDED FEBRUARY 15, 2007

Before EASTERBROOK, *Chief Judge,* and MANION and
SYKES, *Circuit Judges.*

SYKES, *Circuit Judge.* Bonnie and Richard Wojtas
appeal the district court's denial of their motion to volun-
tarily dismiss their suit against the former custodian of
Bonnie Wojtas's IRA account, Capital Guardian Trust
("Capital"), and the court's order dismissing the suit with
prejudice on statute of limitations grounds. The district
court determined that permitting voluntary dismissal
without prejudice under Rule 41(a)(2) of the Federal
Rules of Civil Procedure would deprive Capital of its
statute of limitations defense under Wisconsin law, re-

sulting in plain legal prejudice. The court then granted judgment on the pleadings dismissing the suit as time-barred. We affirm.

## I. Background

Plaintiff Bonnie Wojtas was the owner of an Individual Retirement Account ("IRA"), the custodian of which was the defendant Capital. In April 1999 Wojtas instructed Capital to roll over the investment holdings in her IRA into a new IRA account managed by Insurance Planning & Design, Inc. ("Insurance Planning"). When the funds were received by Insurance Planning, they were illegally converted by an employee of that company who was later convicted of mail fraud. Wojtas and her husband (who claims a marital property interest in the stolen funds) sued Capital in state court asserting common law claims for breach of fiduciary duty and negligence. The suit alleged Capital had breached duties owed to the Wojtases when it transferred the IRA funds without first verifying that the successor custodian was qualified by the Internal Revenue Service to serve in such capacity. Capital removed the action to the United States District Court for the Western District of Wisconsin on the basis of diversity of citizenship.

Capital answered and eventually moved for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c), arguing that the Wojtases' claims were barred by Wisconsin's two-year statute of limitations governing claims for breach of fiduciary duty. *See* WIS. STAT. § 893.57; *Beloit Liquidating Trust v. Grade*, 2004 WI 39, ¶ 40, 270 Wis. 2d 356, ¶ 40, 677 N.W.2d 298, ¶ 40. Capital argued that the negligence and fiduciary duty claims were premised upon the same alleged breach of duty and both should be subject to the two-year limitations period applicable to breach of fiduciary duty claims. The complaint was filed more

than two years after the Wojtases asserted they learned of their injury, when the employee of Insurance Planning was indicted. In the alternative Capital argued that the complaint failed to state a claim upon which relief could be granted because Capital had no legal duty to independently investigate the successor custodian the Wojtases had themselves selected.

The Wojtases' response to Capital's motion addressed the failure-to-state-a-claim argument, but was utterly silent regarding the statute of limitations. Instead, the Wojtases moved for voluntary dismissal of their suit pursuant to Fed. R. Civ. P. 41(a)(2), asking that their claims be dismissed without prejudice so they could refile the action in Illinois, where a longer statute of limitations applies to claims for breach of fiduciary duty. *See* 735 ILL. COMP. STAT. 5/13-205.

In a decision addressing both motions, the district court denied the motion for voluntary dismissal and granted the motion for judgment on the pleadings. The court held that the Wojtases' lack of response to Capital's statute of limitations argument meant they had "implicitly acquiesced in defendant's position that . . . [the] claims against defendant Capital are barred by the Wisconsin statute of limitations." The court then held that voluntary dismissal without prejudice would deprive Capital of its statute of limitations defense, a loss that would constitute the type of "plain legal prejudice" that makes voluntary dismissal improper under Rule 41(a)(2). The court noted that under Wisconsin law, expiration of the applicable statute of limitations operates to extinguish a plaintiff's cause of action in its entirety, rather than merely barring the remedy in Wisconsin such that refiling the same claim in another jurisdiction would be permitted. *See* WIS. STAT. § 893.05 (When the limitations period expires, "the right is extinguished as well as the remedy."). Regarding the propriety of voluntary dismissal

in this situation, the district court distinguished this court's decision in *Bolten v. Gen. Motors Corp.*, 180 F.2d 379 (7th Cir. 1950), and endorsed the reasoning of the Fifth and Eighth Circuits in *Phillips v. Ill. Cent. Gulf R.R.*, 874 F.2d 984 (5th Cir. 1989), and *Metro. Fed. Bank v. W.R. Grace & Co.*, 999 F.2d 1257 (8th Cir. 1993).

## II. Discussion

The Wojtases argue on appeal that the district court erred in dismissing their negligence claim on statute of limitations grounds. They acknowledge that they never responded to Capital's statute of limitations argument, but take the position that Capital's motion was directed only at their claim for breach of fiduciary duty and never actually sought dismissal of their negligence claim. Thus, their argument goes, the negligence claim remains fully viable because it was filed within the six-year statute of limitations applicable to damages claims for injury to real or personal property. *See* WIS. STAT. § 893.52 ("An action, not arising on contract, to recover damages for an injury to real or personal property shall be commenced within 6 years after the cause of action accrues or be barred . . . ."). This argument completely ignores the content of Capital's motion for judgment on the pleadings.

As we have noted, Capital's Rule 12(c) motion unambiguously sought dismissal of both the fiduciary duty *and* negligence claims, arguing that they were premised on the same alleged breach of duty and were governed by the two-year statute of limitations applicable to claims of breach of fiduciary duty. Capital maintained that the negligence claim was nothing more than a reiteration of the fiduciary duty claim with a negligence label attached to it. The Wojtases' failure to offer any opposition to Capital's statute of limitations argument constituted a waiver. *Cincinnati Ins. Co. v. E. Atl. Ins. Co.*, 260 F.3d 742, 747

(7th Cir. 2001) (A failure to oppose an argument permits an inference of acquiescence and "acquiescence operates as a waiver."). The district court noted the waiver and ordered that "Capital's motion for judgment on the pleadings that plaintiffs' *claims* are barred by the applicable Wisconsin statute of limitations is granted." (Emphasis added.) This was not error. The Wojtases' argument that Capital's motion addressed only the fiduciary duty claim is meritless.

The Wojtases also contend they were entitled to voluntarily dismiss their suit under Rule 41(a)(2). When sought after a defendant has filed an answer, voluntary dismissal may be obtained only "upon order of the court and upon such terms and conditions as the court deems proper." FED. R. CIV. P. 41(a)(2). Motions for voluntary dismissal under Rule 41(a)(2) are committed to the district court's discretion, but it is an abuse of discretion for the district court to permit the voluntary dismissal of an action where the defendant would suffer "plain legal prejudice" as a result. *United States v. Outboard Marine Corp.*, 789 F.2d 497, 502 (7th Cir. 1986); *Kovalic v. DEC Int'l, Inc.*, 855 F.2d 471, 474 (7th Cir. 1988). The Wojtases argue that the prospect of a new lawsuit in Illinois does not constitute plain legal prejudice to Capital, citing *Bolten*, 180 F.2d at 382, for the proposition that facing a second suit in another state with a longer statute of limitations is not the type of prejudice that justifies the denial of a Rule 41 motion for voluntary dismissal.

In *Bolten*, the plaintiff sought voluntary dismissal under Rule 41(a)(2) after the defendant filed a motion for summary judgment based on the expiration of the applicable Illinois statute of limitations. The plaintiff admitted that he planned to refile the lawsuit in Missouri, which had a longer limitations period. This court held that the discretion of the district court under Rule 41(a)(2) was limited to the "terms and conditions" of dismissal, not the

right of the plaintiff to voluntarily dismiss his suit. The *Bolten* opinion noted that "the adjudication on [the limitations] issue had nothing to do with the merits of the case and meant nothing more than that the action could not proceed in the Illinois jurisdiction," 180 F.2d at 382 (*citing Titus et ux. v. Wells Fargo Bank & Union Trust Co.*, 134 F.2d 223, 224 (5th Cir. 1943) ("Limitation statutes operate on the remedy. They do not extinguish the right.")). The court concluded that "while the defendant by the allowance of the plaintiff's motion may be subjected to the annoyance and expense of a suit on the merits, it will not suffer any legal prejudice." *Id.*

The Wojtases' reliance on *Bolten* is misplaced. To the extent *Bolten* held that voluntary dismissal under Rule 41(a)(2) is a matter of right and not discretion, the case has been explicitly repudiated. *J.R. Adney v. Miss. Lime Co. of Mo.*, 241 F.2d 43, 45-46 (7th Cir. 1957); *Grivas v. Parmelee Transp. Co.*, 207 F.2d 334, 336 (7th Cir. 1953). This court noted in *Adney* that *Bolten*'s interpretation of Rule 41(a)(2) "was subsequently rejected in *Grivas* . . . , where the court stated that the allowance of a motion to dismiss under Rule 41(a)(2) is not a matter of right, but is discretionary with the District Court both as to whether a dismissal shall be allowed as well as to the terms and conditions to be imposed if allowed." 241 F.2d at 45-46.

Moreover, as the district court correctly concluded, *Bolten* is distinguishable. Wisconsin law conferred on Capital a vested right—not present in *Bolten*—that would have been rendered useless if voluntary dismissal without prejudice was granted. In Wisconsin the expiration of the statute of limitations does more than merely close the door of the courthouse. "The expiration of the limitations period extinguishes the cause of action of the potential plaintiff and it also creates a right enjoyed by the would-be

defendant to insist on that statutory bar." *Colby v. Columbia County*, 202 Wis. 2d 342, 350, 550 N.W.2d 124, 128 (1996); *see also* WIS. STAT. § 893.05 ("When the period within which an action may be commenced on a Wisconsin cause of action has expired, the right is extinguished as well as the remedy."). Capital, having acquired a right to assert the statute of limitations bar by operation of Wisconsin law, would suffer plain legal prejudice if the Wojtases' motion for voluntary dismissal were granted. *See Metro. Fed. Bank*, 999 F.2d at 1263 (it is an "abuse of discretion for a district court to find no legal prejudice, and thus to grant voluntary dismissal, where the nonmoving party has demonstrated a valid statute of limitations defense"); *see also Phillips*, 874 F.2d at 987. The district court did not abuse its discretion in denying the motion for voluntary dismissal.

AFFIRMED.

A true Copy:

Teste:

_____
*Clerk of the United States Court of
Appeals for the Seventh Circuit*