NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued April 8, 2010
Decided July 21, 2010

**Before**

KENNETH F. RIPPLE, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

| | |
|---|---|
| No. 08-3662 | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| PERRY MARSHALL, *Plaintiff-Appellant*, | |
| | No. 03 C 1302 |
| *v.* | |
| | Joan B. Gottschall, *Judge*. |
| LOCAL 701, INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, et al., *Defendants-Appellees*. | |

**O R D E R**

Perry Marshall, a member of the International Brotherhood of Electrical Workers, Local 701, sued that union and two union officials for violating his speech rights under the Labor-Management Reporting and Disclosure Act. He claimed that they retaliated against him for speaking out about how union officials were violating union rules. The defendants moved for summary judgment, and after striking various parts of the documents Marshall filed in response, the district court granted their motions. Marshall appeals. We affirm.

I.

The International Brotherhood of Electrical Workers, Local 701, is a party to a collective bargaining agreement with an Illinois employer association of electrical contractors. That agreement contains referral provisions under which applicants for employment are placed in jobs with signatory employers through Local 701's referral hall. Referrals by Local 701 are made according to an applicant's position on an out-of-work list. Normally, once an applicant accepts a referral, his name goes to the bottom of the list and he must wait until those above him accept referrals before he is eligible for another one. An exception to that rule is for a "short call," which is when an applicant is hired and receives, through no fault of his own, work for less than fourteen days. If an applicant receives a short-call assignment, he is restored to his original spot on the out-of-work list. And under a rule adopted by Local 701, once an applicant accepts a referral, he must report to the job unless there is an emergency or illness. If he does not, he loses his spot on the list.

Perry Marshall is a member of Local 701. From time to time, he spoke out against decisions made by union officials that were inconsistent with various union rules and agreements. Other union members often sought Marshall's advice on union rules, and he would speak on their behalf. Some union representatives did not welcome Marshall's outspokenness and berated him because of it.

In August 2002, Marshall was fifth on the out-of-work list and accepted a referral. When he arrived at the job site, however, he told the project foreman that he could not work that day because of personal reasons. That evening, Kenneth Lambert, a Local 701 representative in charge of referrals, phoned Marshall, informed him that the foreman had complained of his absence, and indicated that he would lose his place on the list. After Local 701 representatives visited the job site the following day, Art Ludwig, business manager of Local 701, determined that Marshall had violated the referral rule by failing to appear to work at the job site. Ludwig sent him a letter indicating that he was being removed from his number five spot on the out-of-work list, although that decision would be stayed until he exhausted his appeal rights.

Marshall appealed to the three-member appeals committee established by the collective bargaining agreement. (The appeals committee consists of one person appointed by Local 701, one person appointed by the employer association, and one member of the public selected by the previous two appointees). The committee met and requested Marshall provide documentation of his personal situation that prompted him to leave the job site. The committee indicated that Marshall could keep his spot on the list if he

provided such proof but would lose it if he could not.  He provided none, so the appeals committee upheld his removal from the fifth position on the out-of-work list.

Marshall then contacted IBEW Sixth District vice-president Lawrence Curley and sought to bring an appeal under the IBEW constitution.  Curley denied that request because, under a longstanding interpretation of the IBEW constitution, appeals concerning a local union's actions under the job referral provisions of a collective bargaining agreement are heard in accordance with the appeals procedures outlined in the agreement rather than the ones in the IBEW constitution.

Over the next two weeks, Marshall filed eighteen charges against three Local 701 officers, alleging violations of various referral procedures.  Pursuant to IBEW procedure, Curley assigned a union representative to look into those allegations.  The investigator issued a report, concluding that the charges lacked merit.  Based on that report, Curley dismissed the charges.  Nearly a year later, Marshall filed charges against Ludwig, which Curley dismissed as untimely.

Marshall then sued Local 701, Ludwig, and Curley under the Labor-Management Reporting and Disclosure Act of 1959 ("LMRDA" or "Act"), for violating his speech rights guaranteed by Title I of the Act, 29 U.S.C. §§ 411–15.  He alleged that the defendants' actions relating to his removal from the out-of-work list were retaliation for his previous speaking out against decisions made by union officials that were violative of union rules and agreements.

The defendants moved for summary judgment.  As part of his response, Marshall submitted a lengthy affidavit, responses to the defendants' statements of material fact, and additional material facts.  The defendants filed separate motions to strike numerous portions of those submissions.  The district court granted those motions to strike in part, concluding that various segments of Marshall's response documents did not comply with Federal Rule of Civil Procedure 56(e) and Local Rule 56.1.  The court then entered summary judgment for the defendants.  In particular, the district court held that Marshall had not shown that Curley's actions were caused by Marshall's exercise of his LMRDA speech rights.  As for Local 701 and Ludwig, the court held that Marshall had acquiesced to their argument that he could not recover against them because the independent, non-union appeals committee was the final decision maker regarding his removal from the out-of-work list.  Marshall appeals the district court's decisions on the defendants' motions to strike and motions for summary judgment.

II.

*A. Motions to Strike*

We review a district court's ruling on a motion to strike an affidavit or statement of facts for an abuse of discretion. *Magyar v. Saint Joseph Reg'l Med. Ctr.*, 544 F.3d 766, 770 (7th Cir. 2008); *Winfrey v. City of Chicago*, 259 F.3d 610, 618–19 (7th Cir. 2001). Marshall does not present any argument in support of his bare assertion that the district court's striking portions of his responses to the defendants' statements of material fact and his additional material facts was improper, so the point is waived. *Capitol Indem. Corp. v. Elston Self Serv. Wholesale Groceries, Inc.*, 559 F.3d 616, 619 (7th Cir. 2009). And he concedes that the district court correctly struck the portions of his affidavit it determined were hearsay, duplicative, and legal arguments and conclusions. Marshall does contest, however, the court's striking the parts of his affidavit it concluded were not based on personal knowledge and were not accompanied by supporting documents. Under Federal Rule of Civil Procedure 56(e)(1), an affidavit must "be made on personal knowledge." The district court struck twelve full paragraphs and nine partial ones from Marshall's affidavit for lack of personal knowledge. On appeal, Marshall claims that he supplied foundational support for his statements by referring to conversations he had and observations he made. But the stricken paragraphs simply do not bear out that assertion, for none of them refers to such personal bases of knowledge. We thus find no abuse of discretion in the district court's striking those portions of his affidavit.

Rule 56(e)(1) also provides that "[i]f a paper or part of a paper is referred to in an affidavit, a sworn or certified copy must be attached to or served with the affidavit." The district court struck parts of four paragraphs of the affidavit because the documents mentioned therein were not attached. Marshall admits he did not attach those materials to his affidavit but says that was because the defendants had already submitted the same documents in support of their motions for summary judgment.

Marshall did not comply with Rule 56(e)(1) when he failed to file the relevant supporting documents. Even if he was concerned about duplicative filings, he did not obtain the permission of the court to deviate from Rule 56(e)(1). Furthermore, the citations he did include were not keyed to the defendants' previous filings. Under these circumstances, the district court did not abuse its discretion in striking the four parts of Marshall's affidavit for want of supporting documentation.

*B. Motions for Summary Judgment*

We review a district court's grant of summary judgment de novo, viewing all facts in the light most favorable to and drawing all reasonable inferences for the nonmoving party. *Goelzer v. Sheboygan County*, 604 F.3d 987, 992 (7th Cir. 2010). Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2).

Title I of the LMRDA developed from legislation that was "aimed at enlarged protection for members of unions paralleling certain rights guaranteed by the Federal Constitution." *Finnegan v. Leu*, 456 U.S. 431, 435 (1982). Section 101(a)(2) of the Act provides that

> [e]very member of any labor organization shall have the right to meet and assemble freely with other members; and to express any views, arguments, or opinions; and to express at meetings of the labor organization his views, upon candidates in an election of the labor organization or upon any business properly before the meeting, subject to the organization's established and reasonable rules pertaining to the conduct of meetings.

29 U.S.C. § 411(a)(2). In that subsection, Congress "restate[d] a principal First Amendment value—the right to speak one's mind without fear of reprisal." *United Steelworkers of Am. v. Sadlowski*, 457 U.S. 102, 111 (1982). "In providing such protection, Congress sought to further the basic objective of the LMRDA: 'ensuring that unions are democratically governed and responsive to the will of their memberships.'" *Sheet Metal Workers' Int'l Ass'n v. Lynn*, 488 U.S. 347, 352 (1989) (quoting *Finnegan*, 456 U.S. at 436).

A union member may sue when his § 101(a)(2) free speech rights have been infringed. 29 U.S.C. § 412. One type of infringement is when a member faces retaliation because he exercised his speech rights. To succeed on such a claim, the member must establish: (1) he engaged in protected expression, (2) he was subjected to an adverse action[1] reasonably likely to deter future expression, and (3) that action was caused by the protected

---

[1] From our review of the record, it is unclear whether Marshall's LMRDA claim is for mere infringement of his Title I speech rights based on § 102 of the Act, 29 U.S.C. § 412, or for being subjected to union-authorized "other discipline" as proscribed by § 609 of the Act, 29 U.S.C. § 529. *See Finnegan*, 456 U.S. at 439 & n.10. But as our discussion will show, this issue is immaterial to the ultimate resolution of his appeal.

expression.[2] *See Lynn*, 488 U.S. at 354; *Casumpang v. Int'l Longshoremen's & Warehousemen's Union, Local 142*, 269 F.3d 1042, 1058 (9th Cir. 2001).

Regarding defendant Curley, assuming Marshall has established the first two elements, he has failed to establish causation. Marshall contends that Curley conspired with Local 701 to enforce the allegedly wrongful removal of his name from the out-of-work list. Although not entirely clear, it appears Marshall is arguing that Curley's refusal to accept his appeal of the appeals committee's decision and dismissal of his subsequent internal union charges was because of his protected expression. Marshall's causation argument is based primarily on his affidavit statements (which particular ones, he does not say) relating to Curley's motivations for his actions that the district court struck. But our affirmance of the district court's ruling on the motions to strike scuttles that particular argument.

Marshall's brief can also be read to assert that no other union members had their appeals refused under the IBEW constitution or were denied the right to complain of violations of union rules and agreements. Even if that proposition were suggestive of causation, it is unsupported by the record: Marshall has not adduced proof of any similarly situated members who were treated more favorably by Curley. Marshall also points to the fact that in dismissing his charges, Curley relied solely on the report of the investigator assigned to look into the charges. But it is not clear how that may be indicative of causation, and Marshall does not say. Absent the development of any other argument or identification of any evidence regarding the causation element, we conclude that summary judgment was appropriate for Curley. *See Roe-Midgett v. CC Servs., Inc.*, 512 F.3d 865, 876 (7th Cir. 2008) (failure to develop challenge to summary judgment order constitutes waiver).

Regarding defendants Local 701 and Ludwig, the district court granted their motion for summary judgment. It determined Marshall had waived opposition to their argument that the independent, non-union appeals committee was the final decision maker concerning his removal from the out-of-work list and, therefore, under *Konen v. International Brotherhood of Teamsters*, 255 F.3d 402 (7th Cir. 2001), they are not liable under the LMRDA because they were not responsible for his removal. The district court's decision was based on *Wojtas v. Capital Guardian Trust Co.*, where we affirmed the lower court's ruling that the plaintiffs' failure to respond to the defendant's argument in support of a motion for judgment on the pleadings constituted a waiver and justified granting the motion. 477 F.3d

---

[2] As we recently made clear in *Serafinn v. Local 722, International Brotherhood of Teamsters*, 597 F.3d 908, 914–15 (7th Cir. 2010), the causation the plaintiff must prove under the LMRDA is the "but-for" type.

924, 926 (7th Cir. 2007) (citing *Cincinnati Ins. Co. v. E. Atl. Ins. Co.*, 260 F.3d 742, 747 (7th Cir. 2001)).

Marshall's lone argument against the district court's finding of waiver was that it was based on the incorrect disposition of the motions to strike. But the propriety of the partial granting of those motions was not implicated by the district court's waiver determination: that conclusion was based on Marshall's failure to respond in his brief to the defendant's arguments based on *Konen*. Whatever the case, Marshall's argument founders in light of our affirmance of the district court's rulings on the motions to strike. Therefore, we affirm the grant of summary judgment for Local 701 and Ludwig.

### III.

In sum, the district court did not abuse its discretion by granting in part the defendants' motions to strike. We also conclude that summary judgment was appropriate for the defendants. Accordingly, the judgment of the district court is AFFIRMED.