Orest **PANZA**, Frank Smith, Frank Panza, Stanley Halovanic, Joseph Mali, Sam La Cava and Ralph Zoerb, Appellants,

v.

**ARMCO STEEL CORPORATION.**

**No. 14190.**

United States Court of Appeals Third Circuit.

Argued March 19, 1963.

Decided April 2, 1963.

Rehearing Denied May 16, 1963.

———◆———

Samuel L. Goldstein, Pittsburgh, Pa. (Suto, Power, Goldstein & Walsh, Leo Kostman, Pittsburgh, Pa., on the brief), for appellants.

David B. Buerger, Pittsburgh, Pa. (John G. Buchanan, Jr., Louis Emanuel, Buchanan, Ingersoll, Rodewald, Kyle & Buerger, Pittsburgh, Pa., on the brief), for appellee.

Before HASTIE, GANEY and SMITH, Circuit Judges.

PER CURIAM.

This is the second of two actions, both litigated in the District Court for the Western District of Pennsylvania, seeking essentially the same relief. The present plaintiffs are members of a local union which, together with a sister local and their parent international, brought the first suit as collective bargaining representatives of the members of the locals, complaining that the defendant employer, Armco Steel Corp., had unlawfully failed to respect the seniority of the members of the locals in connection with the transfer of employees from a discontinued plant to a new one. It was alleged that the employer had violated a master collective bargaining agreement and a local supplement covering seniority rights. The district court ordered the arbitration of this matter and the arbitrator's ultimate award, giving the membership of the local some relief but less than they sought, was complied with by the employer. The district court then dismissed the action with prejudice.

Now, certain dissatisfied members of the local, suing for themselves and their fellow members, have brought this second action against Armco Steel Corp. seeking damages for the employer's failure to grant those rights of employment and status in the new plant that were asserted and litigated in the earlier suit. It is again asserted that the employer has violated rights conferred by the master collective bargaining agreement and the local seniority supplement.

The plaintiffs do not claim that they were unaware of the earlier litigation. Indeed, it appears that one or more of them actively participated in the hearing

before the arbitrator. They do assert that the reference to arbitration in the first action was unwarranted and illegal and that the outcome of the arbitration was affected by fraudulent representations made to the arbitrator.

The district court dismissed this action on the employer's motion averring that the matter in controversy was res judicata.

The action of the district court was clearly correct. The second proceeding seeks a relitigation of the same cause of action that was before the court in the first case and was adjudicated by a decision on the merits. It is also clear in the record that the union which was a plaintiff in the first action was the duly constituted representative of its members, including the present plaintiffs. Their interest was subjected to the jurisdiction of the court in the first suit and was concluded by the dismissal of that action with prejudice.

The judgment will be affirmed.