**Dan SMOOT, Petitioner,**

v.

**Honorable Noel P. FOX, United States District Judge for the Western District of Michigan, Respondent.**

**No. 16207.**

United States Court of Appeals
Sixth Circuit.

Dec. 30, 1964.

See also, D.C., 36 F.R.D. 4.

———◆———

Clyde J. Watts, Oklahoma City, Okl., John C. Cary, Grand Rapids, Mich., for petitioner.

No attorney for respondent.

Harold Sawyer, Lewis A. Engman, Grand Rapids, Mich., League of Women Voters, amicus curiæ.

Before WEICK, Chief Judge, CECIL, Circuit Judge, and BOYD, District Judge.

PER CURIAM.

This cause is before the Court on petition of Dan Smoot for a writ of Prohibition and Mandamus against the Honorable Noel P. Fox, Judge of the United States District Court for the Western District of Michigan. The petition is filed under authority of Section 1651, Title 28 U.S.C. The action arises from the pendency of two cases in the District Court. These cases are numbers 4708 and 4709, on the docket of the court, in which the petitioner herein is plaintiff and The League of Women Voters of the Grand Traverse Area of Michigan, an association affiliated with the League of Women Voters of Michigan, a Michigan Corporation, and certain individuals are defendants. We will refer to the parties as plaintiff and defendants.

The plaintiff is a resident of the state of Texas and is engaged in television and

radio broadcasting in Texas and other areas of the United States, including the state of Michigan. The subject of the actions in the District Court is an alleged charge of libel growing out of a letter published in a column of the Traverse City Record Eagle, under the heading of "Voice of the People," and a monthly bulletin known as "The Bulletin—League of Women Voters—Grand Traverse Area of Michigan."

The complaints by which the actions were begun were verified on March 9, 1964 and were filed on March 21, 1964. The actions were set for trial on October 14, 1964. A pre-trial was held on September 25, 1964. At this time, counsel for the plaintiff, who had filed his petitions, moved for a continuance on the ground that he was going on an extended vacation. The trial judge denied the motion. Thereupon counsel withdrew as counsel but prepared a motion to dismiss the cases which was presented to the court by counsel's sister, also a member of the Michigan Bar. She represented that counsel's health precluded his further participation in the cases.

Subsequently, after interim counsel failed to get a continuance, present counsel came into the case and on October 12, 1964, moved to dismiss the cases with prejudice to the filing of new actions. This motion was denied and on October 14th the petition now before us was filed in our Court. The petitioner sought a continuance from the immediate trial date and an order requiring the District Judge to sustain the motion to dismiss the actions with prejudice. We granted a stay of further proceedings and issued an order to the District Judge to show cause why a writ of mandamus should not issue. An answer and brief were filed by the respondent. The petitioner filed a reply brief and to this the respondent filed a brief in reply and an amicus curiae brief was filed on behalf of the defendants.

The cases in the District Court have undoubtedly created a great deal of public interest and have generated considerable heat between the parties. We are here concerned with the legal right of plaintiff to have the actions dismissed and with the right or duty of this Court to intervene in the matter.

■ Rule 41(a) (2) of the Federal Rules of Civil Procedure provides, "Except as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper." This rule contemplates the dismissal by plaintiff of an action without prejudice and is clearly discretionary with the court. All of the cases [1] cited by respondent, supporting the discretionary right of the court to dismiss cases on motion of the plaintiff, concern the dismissal without prejudice.

■ No case has been cited to us, nor have we found any, where a plaintiff, upon his own motion, was denied the right to dismiss his case with prejudice. New counsel for the plaintiff said that he advised his client that on authority of New York Times Co. v. Sullivan, 376 U.S. 254, 84 S.Ct. 710, 11 L.Ed.2d 686, he would have to show malice on the part of the defendants in order to succeed

1. Cone v. West Virginia Pulp & Paper Co., 330 U.S. 212, 67 S.Ct. 752, 91 L.Ed. 849; Grivas v. Parmelee Transp. Co., 207 F.2d 334, C.A.7, reversing Bolten v. General Motors Corp., 180 F.2d 379, 21 A.L.R.2d 623, C.A.7, holding that a plaintiff could dismiss without prejudice as a matter of right; Adney v. Mississippi Lime Co. of Missouri, 241 F.2d 43, 44, C.A.7; Barnett v. Terminal R. Ass'n of St. Louis, 200 F.2d 893, 894, C.A.8; Moore v. C. R. Anthony Co., 198 F.2d 607, 608, C.A.10; Westinghouse Electric Corp. v. United Electrical Radio and Machine Workers of America, 194 F.2d 770, 771, C.A.3; Ockert v. Union Barge Line Corp., 190 F.2d 303, 304, C.A.3; Larsen v. Switzer, 183 F.2d 850, 851, C.A.8; New York, C. & St. L. R. Co. v. Vardaman, 181 F.2d 769, 770, C.A.8; Churchward International Steel Co. v. Carnegie Steel Co., D.C., 286 F. 158; Lunn v. United Aircraft Corp., D.C., 26 F.R.D. 12; Mott v. Connecticut General Life Ins. Co., D.C., 2 F.R.D. 523, 524.

in his litigation. It was counsel's view that this could not be shown, or, at least, it could not be developed in the limited time available for preparation. We know of no power in a trial judge to require a lawyer to submit evidence on behalf of a plaintiff, when he considers he has no cause of action or for any reason wishes to dismiss his action with prejudice, the client being agreeable. A plaintiff should have the same right to refuse to offer evidence in support of his claim that a defendant has.

Of course, if he declines to offer evidence, he must suffer the consequences, which in this case would be judgment against him and a judgment in favor of the defendants. Dismissal of an action with prejudice is a complete adjudication of the issues presented by the pleadings and is a bar to a further action between the parties. An adjudication in favor of the defendants, by court or jury, can rise no higher than this. Panza v. Armco Steel Corp., 316 F.2d 69, C.A. 3, cert. den. 375 U.S. 897, 84 S.Ct. 174, 11 L.Ed. 2d 125; Creek Indians Nat. Council v. Sinclair Prairie Oil Co., 142 F.2d 842, 845, C.A. 10, cert. den. 323 U.S. 781, 65 S.Ct. 269, 89 L.Ed. 624; Olsen v. Muskegon Piston Ring Co., 117 F.2d 163, 165, C.A. 6; D. A. C. Uranium Co. v. Benton, D.C., 149 F.Supp. 667, 673; Daley v. Sears, Roebuck & Co., D.C., 90 F.Supp. 562, 563. See also, Rose v. Bourne, Inc., D.C., 172 F.Supp. 536, 538.

We are loathe to grant petitions for writs of mandamus and refrain from doing so where mandamus is resorted to as a substitute for appeal. Bankers Life & Casualty Co. v. Holland, 346 U.S. 379, 382, 74 S.Ct. 145, 98 L.Ed. 106 (1953); Ex parte Fahey, 332 U.S. 258, 259–260, 67 S.Ct. 1558, 91 L.Ed. 2041 (1947); Roche v. Evaporated Milk Ass'n, 319 U.S. 21, 26, 63 S.Ct. 938, 87 L.Ed. 1185 (1943); Hoffa v. Gray, 323 F.2d 178, 179, C.A. 6, cert. den. 375 U.S. 907, 84 S.Ct. 199, 11 L.Ed.2d 147; Aday v. United States District Court, 318 F.2d 588, 591, C.A. 6, cert. den. 375 U.S. 832, 84

S.Ct. 78, 11 L.Ed.2d 63; Beneke v. Weick, 275 F.2d 38, 39, C.A. 6.

In this case a two- or three-week trial is contemplated. Witnesses are to be subpoenaed from distant parts of the United States. Such a trial with an unwilling plaintiff, even if it could be enforced, would be an expensive luxury. Our District Courts are over-crowded with pending cases and the Western District of Michigan is no exception. Our district judges have no time to conduct useless trials.

We find that it was an abuse of discretion on the part of the respondent to deny the plaintiff's motion for dismissal of the actions with prejudice to bringing new actions. In the interest of justice and in order to prevent the conduct of an unnecessary trial, with its attendant accumulation of costs and inconvenience to witnesses, we grant the petition and order the respondent to dismiss the actions with prejudice, subject to the payment of all court costs by the plaintiff.