This is a patent suit seeking compensation under 28 U.S.C. § 1498 for unauthorized use of U.S. Patent No. 3,081,379 ("Automatic Measuring Apparatus”) (’379 patent).[1] The petition was not restricted to any particular *688 claims of the ’379 patent. Cambridge Instrument Co., Inc. (Cambridge), from which defendant had acquired the allegedly infringing machines, was noticed in under Rule 41. Cambridge appeared and became a third-party defendant. Discovery then proceeded, primarily between plaintiff and Cambridge. In September 1981, plaintiff moved, under Rule 102(a)(2), for voluntary dismissal of the petition — as to claim 17 of the patent the dismissal was to be with prejudice but dismissal was to be without prejudice as to the other 16 patent claims. Both defendant and third-party defendant Cambridge urge us to grant voluntary dismissal but ask that it be with prejudice as to all 17 claims of the patent. The case comes before us, without oral argument, on the parties’ submissions with respect to plaintiffs motion for voluntary dismissal.
Dismissal here cannot be effected by plaintiff alone under Rule 102(a)(1) because answers have been filed, there is no stipulation of dismissal, and both defendant and third-party defendant object to the terms of plaintiffs proposed dismissal. Accordingly, Rule 102(a)(2) governs and that requires a court order as to dismissal which should be "upon such terms and conditions as the court deems proper.” Thé rule also provides that a dismissal under subparagraph (a)(2) is without prejudice "unless otherwise specified in the order.”
Plaintiff says that he is willing to have claim 17 dismissed with prejudice because discovery has proceeded only with respect to that claim, and, in plaintiffs view, there has been a "tacit agreement” to limit the entire case to that claim alone. The discovery, according to claimant, has brought to his attention "certain problems which may affect the issues of validity and infringement relating to claim 17 if the claim is broadly construed.” But plaintiff wishes to be free to litigatge the other 16 claims of the patent, particularly against third-party Cambridge, in some other case or forum.
We hold that a dismissal with prejudice is appropriate for all the claims of the patent, not merely claim 17. First, we are not persuaded that this case was limited by "tacit agreement of the parties” to claim 17. Defendant flatly denies making any such agreement and there is no shred of support for the Government’s participation in any such an *689 understanding. As for Cambridge, the materials proffered to us by plaintiff and by Cambridge show no more than that those parties may have concentrated for the time being on claim 17; we see no consensual narrowing of the case to that claim nor any exclusion of the other patent claims from this suit.
Second, this is a suit against the United States under § 1498 and the Government is entitled to be protected against the prejudice which can come from an order le'aving plaintiff free to sue again in this court on the other patent claims. See LeCompte v. Mr. Chip, Inc., 528 F.2d 601, 604 (5th Cir. 1976). This is an old matter. The original patent application was filed in 1956, the patent issued in 1963, and the patent has now expired (see footnote 1, supra). Each passing year may well make it more difficult for the defendant to show invalidity or non-infringement. At any rate, the current suit has been pending and active for about two years and defendant has the right to have its liability settled in this action rather than at some later one which may or may not be brought.[2]
Third, plaintiff seems to indicate that at the least he should be left free to sue Cambridge at a later time, apparently for non-governmental infringement. But plaintiff fails to consider that this is and must be a suit against the United States for governmental infringement; it does not and cannot involve an action against Cambridge on any alleged private infringement by the latter; nor can any suit be brought directly against Cambridge in a district court (or indeed in this court) with respect to governmental procurement-for that cause of action, a suit against the United States under 28 U.S.C. § 1498 is the sole remedy. For the reasons already given, defendant and therefore third-party defendant are entitled to be free of further suits relating to procurement and use by and for the United States. That is accomplished by dismissing the entire petition with prejudice. The effect of such a dismissal on infringement actions against Cambridge for non-governmental infringement *690 must be left to some other tribunal; we do not and should not decide that issue.
Accordingly, under Rule 102(a)(2), we grant plaintiffs motion for dismissal but we direct that the dismissal of the petition in this court shall be with prejudice as to all claims of the ’379 patent, it is so ordered.

 The patent expired on March 12,1980.

 Smoot v. Fox, 340 F. 2d 301 (6th Cir. 1964), on which plaintiff relies for the proposition that where a dismissal with prejudice is sought the court must allow it, applies only to a case in which the dismissal with prejudice is sought for the entire cause of action. That is not plaintiffs request here.