MacDONALD & EVANS, INC., Plaintiff,

v.

The UNITED STATES, Defendant.

No. 656–80T.

United States Claims Court.

April 22, 1983.

Daniel D. Levenson, Boston, Mass., for plaintiff; Lourie & Cutler, Boston, Mass., of counsel.

Betty N. Ferber, with whom was Asst. Atty. Gen. Glenn L. Archer, Jr., Washington, D.C., for defendant.

## MEMORANDUM OPINION AND ORDER

SPECTOR, Judge.

This is one of three tax cases earlier consolidated because of similar (but not identical) facts, and a common issue of law.[1]

---

1. The other two cases are *Union Bookbinding Co., Inc. v. United States,* No. 653–80T, and *Forecaster of Boston, Inc. v. United States,* No. 661–80T. After some procedural manuevering later described, it was concluded that each case would have to be decided on its own merits, following a consolidated trial.

The cases arose after the Federal Reserve Bank of Boston purchased the buildings in which all three plaintiffs were lessees, for the purpose of demolishing those buildings and constructing a new building for the agency. Payments were made to each plaintiff in accordance with the Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1970[2] which seeks to reimburse businesses forced to relocate by a federal agency.

It is plaintiff's position in each case that the payments received were solely in exchange for termination of their respective leases. In contrast, defendant's position is that the payments made were to reimburse plaintiffs for expenses related to relocation, and it resists certain business deductions claimed by plaintiffs for tax purposes. The parties also differ with respect to the plaintiffs' basis in "reimbursed" leasehold improvements and/or capital assets.

The above-captioned plaintiff now moves to dismiss its complaint *with prejudice,* because it originally contemplated that the parties would be able to stipulate to the facts and try just one of the cases on the common legal issue, at relatively little expense. However, defendant successfully resisted this plaintiff's motion to suspend proceedings, in order to stipulate to the facts, arguing at that time that this case turned on its own facts.[3] Defendant would not agree to be bound by a decision in any one of the consolidated cases.[4]

As the basis for its present motion to dismiss under Rule 41(a)(2), *with prejudice,* plaintiff avers that it "now anticipates greatly increased expenses due to the necessity of litigating its claim independently of the aforementioned companion cases * * * [and it] no longer wishes to bear the expense of prosecuting its claim."

Rule 41(a) contemplates dismissal by a plaintiff without resort to the court "by filing a stipulation of dismissal." But defendant states that it "is unwilling to agree to dismissal of this action and will oppose any motion to dismiss filed by the plaintiff."[5] In the absence of a stipulation, "an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper."[6]

This is not a case involving a counterclaim which defendant is seeking to preserve in the face of a plaintiff's motion to dismiss.[7] Rather defendant now offers the following unique reasons for resisting plaintiff's motion to drop its complaint, *with prejudice:*

* * * The facts in *MacDonald* [this case] shed light on the payments made in *Union* and *Forecaster.* Defendant expended considerable time and incurred considerable costs in setting up these cases, which it did with a view toward using *MacDonald* as illustrative of the true nature of the payments in the other two cases. If *MacDonald* is dismissed, the Court will be at a considerable disadvantage in understanding the character of the payments in question here, upon which these cases rest.

\* \* \* \* \* \*

Therefore, defendant requests that plaintiff's motion to dismiss be denied and that the Court order plaintiff to respond to defendant's pretrial submission. A response to defendant's pretrial submission requires but a minimum effort on plaintiff's part. * * * In the alternative, if the Court allows plaintiff's motion defendant requests that, as a condition of such allowance, the plaintiff's statement of further uncontroverted material facts

---

2. Pub.L. No. 91–646, 84 Stat. 1894, 42 U.S.C. § 4601 *et seq.* (1971).

3. In this case, plaintiff was reimbursed (at least in part) for "actual" expenses. In the companion cases, the payments were made to cover "estimated" expenses.

4. Accepting defendant's argument in opposition, plaintiff's motion to suspend proceedings was denied by the court on October 22, 1982.

5. Letter of December 29, 1982.

6. Rule 41(a)(2).

7. *Id.*

be deemed admitted and admissible for use at the trial of *Union* and *Forecaster,* and that defendant's proposed exhibits be deemed genuine and admissible. * * * [8]

### Discussion

The position of defendant's counsel in opposition to plaintiff's motion to dismiss its action, with prejudice, is extraordinary. It is not surprising therefore that no authorities are cited in support of that position. Neither defendant nor this court acquired a proprietary interest in this action when plaintiff voluntarily brought it. Now that plaintiff has elected to voluntarily dismiss the action *with prejudice,* it should not be barred from doing so, in order to convenience defendant's litigation strategy. Nor is there, as defendant suggests, any inconvenience to the court in the permanent withdrawal of this case from the court's swollen docket. The purpose of Rule 41(a)(2) is to discourage, in appropriate cases, a voluntary dismissal *without prejudice,* which would permit a plaintiff to refile at a later time and perhaps in another court, with a consequent imposition on limited judicial resources.[9]

Nor is this a case in which defendant has filed a counterclaim, giving it a valid interest in preserving a cross-claim for disposition by the court. On the contrary, with the dismissal of plaintiff's action, with prejudice, defendant will have accomplished all that it could hope to accomplish by fully litigating the case. Denial of this motion by the court would be an idle act. Plaintiff could refuse to proceed in that event, and the ultimate sanction which the court could impose would be dismissal of plaintiff's case, with prejudice, precisely what it asks

to be done in this motion. As plaintiff observes:

> * * * [T]hat a Plaintiff should be denied the right to seek dismissal of its own Complaint with prejudice because its failure to litigate might cause difficulty with the Defendant's position in cases involving two completely unrelated taxpayers seems completely preposterous.[10]

It is not a function of this court to assist defendant "in setting up these cases" to achieve a particular litigating position.[11] Having previously insisted that the facts in this case differ from those in the remaining cases [12] defendant's counsel now inconsistently asks, in the alternative and as a condition for allowing the present motion to dismiss, that:

> plaintiff's statement of uncontroverted material facts be deemed admitted and admissible for use at the trial of *Union* and *Forecaster,* and that defendant's proposed exhibits be deemed genuine and admissible.

Again defendant asks too much. The admissibility of evidence in the other two cases will be decided in those two cases, not as a condition to the dismissal of this case. That dismissal will in no way preclude defendant from presenting facts relating to this plaintiff, or facts relating to any other former tenants of these buildings, subject only to the requirements of the Federal Rules of Evidence. It is not necessary to retain plaintiff as a captive in the remaining litigation, in order to accomplish that purpose.

In the one case cited to the court where a plaintiff's motion to dismiss with prejudice was denied by a trial court, that denial was

---

8. Defendant's "Objection to Plaintiff's Motion to Dismiss."

9. *See* and *cf. Routed Thru-Pac v. United States,* 185 Ct.Cl. 428, 439, 401 F.2d 789, 795 (1968):
 "It is important to emphasize that plaintiff's motion to dismiss is 'with prejudice.' This is not the situation where one party is attempting to avoid final judgment only to then try again at another time or perhaps in a different court. Here plaintiff has acquiesced to the fact that the dismissal will be final, and will bar all future claims arising out of the same transactions." *See also Wainwright Securities, Inc. v. Wall St. Transcript,* 80 F.R.D. 103 (S.D.N.Y. 1978).

10. Response to defendant's objection to motion to dismiss.

11. *See* note 8, *supra.*

12. *See* notes 1, 3 and 4, *supra.*

reversed on appeal,[13] the appellate court holding that it was an abuse of discretion for the trial judge to deny such a motion. The court observed that if the motion were denied and if plaintiff refused to litigate "he must suffer the consequences, which in this case would be judgment against him and a judgment in favor of the defendants."[14] *See also Sheridan v. Fox,* 531 F.Supp. 151 (E.D.Pa.1982) and the cases cited therein.

### Conclusion

Plaintiff's motion to dismiss is hereby ALLOWED. The complaint shall be dismissed, with prejudice. Defendant's request for costs is DENIED.

IT IS SO ORDERED.

---

**13.** *Smoot v. Fox,* 340 F.2d 301 (6th Cir.1964).

**14.** *Id.,* 340 F.2d at 303. The court further stated:

"We know of no power in a trial judge to require a lawyer to submit evidence on behalf of a plaintiff, when he considers he has no cause of action or for any reason wishes to dismiss his action with prejudice, the client being agreeable."