Jack M. MOSELY, Plaintiff,

v.

The UNITED STATES, Defendant.

No. 733–87L.

United States Claims Court.

July 27, 1988.

Andrew L. Lipps, Washington, D.C., for plaintiff.

Fred R. Wagner, Washington, D.C., for defendant. Stephen M. Brown, U.S. Dept. of the Interior, of counsel.

## OPINION

BRUGGINK, Judge.

Pending before the court is defendant's motion to dismiss. It raises the question of whether plaintiff Mosely's claim that defendant either breached a contract between the parties or took Mosely's property when it cancelled an oil and gas lease is barred by res judicata. For the reasons discussed below, the motion is denied.

## BACKGROUND [1]

Jack Mosely was issued an oil and gas lease pursuant to 30 U.S.C. § 226 (1976 & Supp. V 1981) by the Bureau of Land Management ("BLM") on August 1, 1981. On December 3, 1981, the BLM cancelled the lease after concluding that it never should have been issued because Mosely's application was incomplete. Mosely filed an administrative appeal, and the Interior Board of Land Appeals affirmed the BLM's decision on March 10, 1982. On June 7, 1982, Mosely filed suit in federal district court pursuant to the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701–706 (1982), alleging that cancellation was arbitrary and capricious, and seeking reissuance of the lease. On April 12, 1985, prior to any judicial resolution of the is-

1. Defendant brings its motion pursuant to RUSCC 12(b)(1), stating that res judicata is a "jurisdictional bar." The motion should have been premised under RUSCC 12(b)(4) ("failure to state a claim"). RUSCC 12(b)(1) is only appropriate to challenge the court's subject matter jurisdiction. The claim alleges a breach of con- tract and an implied taking, two subject matters over which this court exercises jurisdiction. In this case, the doctrine of res judicata is an affirmative defense that goes to whether Mosely can state a claim upon which relief can be granted. Consequently, the court assumes that the well-pleaded facts of the complaint are true.

sues, both Mosely and the Government voluntarily stipulated to dismissal of that action with prejudice.

On December 1, 1987, Mosely filed his complaint in this court. He claims that cancellation of the oil and gas lease constituted a breach of an express contract and a taking without compensation in violation of the takings clause of the fifth amendment of the Constitution. Mosely seeks in excess of $1,000,000. The facts alleged in support of the claim here are fundamentally the same as those that formed the basis for the district court action.

Defendant's motion to dismiss contends that res judicata bars Mosely's action in two ways: (1) the voluntary dismissal with prejudice in the district court action precludes relitigation of the claim (i.e., cause of action) brought in that action, and (2) the dismissal precludes plaintiff from raising factual or legal issues here that were the subject of the district court action.

## DISCUSSION

### A. Claim Preclusion

■ Under the aspect of res judicata commonly known as claim preclusion, a judgment on the merits in an earlier action between the same parties or their privies bars a subsequent suit based on the same cause of action. *See Lawlor v. National Screen Serv. Corp.*, 349 U.S. 322, 326, 75 S.Ct. 865, 867, 99 L.Ed. 1122 (1955); *Alyeska Pipeline Serv. Co. v. United States*, 231 Ct.Cl. 540, 545, 688 F.2d 765, 769 (1982), *cert. denied*, 461 U.S. 943, 103 S.Ct. 2120, 77 L.Ed.2d 1301 (1983). Moreover, as defendant points out, the bar applies to a plaintiff who voluntarily dismisses his claim with prejudice, *Lawlor*, 349 U.S. at 327, 75 S.Ct. at 868, and to all claims that were actually litigated or that could have been litigated, *see Heiser v. Woodruff*, 327 U.S. 726, 735, 66 S.Ct. 853, 857, 90 L.Ed. 970 (1946); *International Order of Job's Daughters v. Lindeburg & Co.*, 727 F.2d 1087, 1090 (Fed.Cir.1984); *McMullan v. United States*, 231 Ct.Cl. 378, 381, 686 F.2d 915, 918 (1982); *Dillard v. Security Pac. Brokers, Inc.*, 835 F.2d 607, 609 (5th Cir. 1988). The general rule is described in the Restatement (Second) of Judgments § 24(1) (1982) (hereinafter Restatement):

> When a valid and final judgment rendered in an action extinguishes the plaintiff's claim pursuant to the rules of merger and bar (see §§ 18, 19), the claim extinguished includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction ... out of which the action arose.

In determining whether a pending complaint presents the same cause of action that was litigated in a prior law suit, the court will take into account "whether the present action (1) rests on the same principle of substantive and procedural law, (2) involves the same right alleged to be infringed by the same wrong, (3) has the same evidence to support both claims, and (4) has the same operative facts." *Mosca v. United States*, 224 Ct.Cl. 678, 679, 650 F.2d 288 (1980). In the case at bar, defendant can only establish the latter two factors.

The action brought by Mosely in the district court was clearly based upon a wholly different legal theory than the present action, and sought equitable rather than monetary relief. Mosely attempted to get review under the APA, claiming that because the agency's conduct in cancelling his oil and gas lease was arbitrary and capricious, he was entitled to injunctive relief in the form of reinstatement of the lease. This court would not have had jurisdiction over such a claim. Except in certain circumstances not relevant here, the Claims Court does not have authority to award equitable relief. *See Bowen v. Massachusetts*, ── U.S. ──, 108 S.Ct. 2722, 2737 & n. 40, 101 L.Ed.2d 749 (1988). Nor does the APA confer jurisdiction on a court not already possessing it. *National Corn Growers Ass'n v. Baker*, 840 F.2d 1547, 1559 (Fed. Cir.1988); *American Air Parcel Forwarding Co. v. United States*, 718 F.2d 1546, 1552 (Fed.Cir.1983), *cert. denied*, 466 U.S. 937, 104 S.Ct. 1909, 80 L.Ed.2d 458 (1984); *Carr v. United States*, 15 Cl.Ct. 82, 86–87 n. 5 (Cl.Ct.1988). Here the action is premised on both an express contract and an

implied taking, and seeks damages/compensation in excess of $10,000. The present action, therefore, could not have been brought in the district court. *See* 28 U.S.C. § 1346(a)(2) (1982).

Restatement § 26 provides the following exception to the general rule described above:

(1) When any of the following circumstances exists, the general rule of § 24 does not apply to extinguish the claim, and part or all of the claim subsists as a possible basis for a second action by the plaintiff against the defendant:

. . . .

(c) The plaintiff was unable to rely on a certain theory of the case or to seek a certain remedy or form of relief in the first action because of the limitations on the subject matter jurisdiction of the courts

. . . .

Consequently, when there are statutory restrictions on the type of claim a person may bring in the first action, later litigation of the restricted claims in a different forum is not precluded; the cause of action in the second law suit would necessarily be different than the original cause of action. The Restatement explains the policy behind this principle:

The general rule of § 24 is largely predicated on the assumption that the jurisdiction in which the first judgment was rendered was one which put no formal barriers in the way of a litigant's presenting to a court in one action the entire claim including any theories of recovery or demands for relief that might have been available to him under applicable law. When such formal barriers in fact existed and were operative against a plaintiff in the first action, it is unfair to preclude him from a second action in which he can present those phases of the claim which he was disabled from presenting in the first.

Restatement § 26 comment c, *quoted in Young Eng'rs, Inc. v. United States Int'l Trade Comm'n,* 721 F.2d 1305, 1315 (Fed. Cir.1983). The Supreme Court has also adopted this principle, *see Marrese v.*

*American Academy of Orthopaedic Surgeons,* 470 U.S. 373, 382, 105 S.Ct. 1327, 1332, 84 L.Ed.2d 274 (1985), as has this court, *see Rowe v. United States,* 4 Cl.Ct. 39, 43 (1983); *Huntley v. United States,* 4 Cl.Ct. 65, 68 (1983). In the case at bar, statutory limitations on the subject matter jurisdiction of the district court prevented plaintiff from bringing his present claim in that forum. Plaintiff's complaint falls within the scope of the exception to the general rule; therefore, dismissal on the ground of claim preclusion is not warranted.

**B. Issue Preclusion**

██ Defendant alternatively argues that Mosely's voluntary dismissal with prejudice of the district court action had the effect of deciding in defendant's favor whether the BLM was arbitrary or capricious in its actions. Therefore, it contends, plaintiff can not raise that issue in its complaint because of the operation of the long-standing principle of collateral estoppel (issue preclusion). What defendant overlooks, however, is that collateral estoppel only applies when the precise issue involved in the present action was "actually litigated" in the previous forum. *See Montana v. United States,* 440 U.S. 147, 153, 99 S.Ct. 970, 973, 59 L.Ed.2d 210 (1979); *Cromwell v. County of Sac,* 94 U.S. 351, 352, 24 L.Ed. 195 (1877); *Mother's Restaurant, Inc. v. Mama's Pizza, Inc.,* 723 F.2d 1566, 1569 (Fed.Cir.1983). Restatement § 27 provides: "When an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim." The Federal Circuit in *Mother's Restaurant, Inc.* has held that issue preclusion applies when:

(1) the issues to be concluded are identical to those involved in the prior action; (2) in that action the issues were raised and "actually litigated"; (3) the determination of those issues in the prior action was necessary and essential to the resulting judgment; and (4) the party pre-

cluded ... was fully represented in the prior action.

723 F.2d at 1569 (footnote omitted). Defendant's motion fails to establish the second element.

The "actually litigated" requirement "is 'generally satisfied if the parties to the original action disputed the issue and the trier of fact resolved it'." *Id.* at 1570 (quoting *Continental Can Co. v. Marshall,* 603 F.2d 590, 596 (7th Cir.1979)); *see also Chromalloy Am. Corp. v. Kenneth Gordon (New Orleans), Ltd.,* 736 F.2d 694, 697 (Fed.Cir.1984). In the case at bar, because the prior judgment was a voluntary dismissal of Mosely's action without any express findings of law or fact by the district court, none of the issues there were "actually litigated"; the fact that the dismissal was with prejudice is irrelevant. *See Lawlor,* 349 U.S. at 326–27, 75 S.Ct. at 861–68; *In re Daley,* 776 F.2d 834, 838 (9th Cir.1985), *cert. denied sub nom. Daley v. Frank,* 476 U.S. 1159, 106 S.Ct. 2279, 90 L.Ed.2d 721 (1986); *Wilwording v. Swenson,* 502 F.2d 844, 848–49 (8th Cir.1974) ("It has long been recognized that dismissal at plaintiff's request, even if it is with prejudice, is insufficient to invoke the bar of collateral estoppel."), *cert. denied,* 420 U.S. 912, 95 S.Ct. 835, 42 L.Ed.2d 843 (1975); *see also* Restatement § 27 comment e ("In the case of a judgment entered by confession, consent, or default, none of the issues is actually litigated."). Consequently, Mosely is not precluded from now arguing the issue that was raised, but not "actually litigated," in the prior action.

Nevertheless, defendant argues that Mosely's dismissal with prejudice evidences the parties' intent to preclude relitigation of all issues that existed in the district court action: "The stipulation to dismiss with prejudice, without any reservation by Mosely of a right to relitigate the issue which was the essence of that action, demonstrates that the parties intended to protect the defendant from any subsequent

action based on the cancellation of Mosely's oil and gas lease." Defendant's Reply Brief at 5. Although a prior voluntary dismissal with prejudice may be conclusive with respect to one or more issues if the parties manifested such an intention, *see* Restatement § 27 comment e, no evidence of this intention exists here. The stipulation for dismissal simply recites that the district court action "be discontinued and dismissed with prejudice as to plaintiff JACK M. MOSELY pursuant to Rule 41(a) of the Federal Rules of Civil Procedure." Besides a further stipulation to the effect that each party would bear its own costs, no other language appears. The mere fact that the parties stipulated to dismissal with prejudice does not evidence an intent to preclude later litigation, in a different cause of action, of issues that were raised in the dismissed action. *See Lawlor,* 349 U.S. at 327 & n. 12, 75 S.Ct. at 868 & n. 12. Defendant has provided no extrinsic evidence to establish that Mosely's intent in stipulating to dismissal was to concede the legality of the BLM's actions. *See* Restatement § 27 comment f. Moreover, a determination regarding the legality of the BLM's actions was not necessary or essential to the voluntary stipulation for dismissal. *See Mother's Restaurant, Inc.,* 723 F.2d at 1569.

Accordingly, the only effect of the voluntary dismissal with prejudice was to preclude relitigation of the same cause of action (or a claim that could have been raised). The fact that Mosely failed to make an explicit reservation of rights in the stipulation does not, without additional evidence of an agreement between the parties, demonstrate an intent to preclude later litigation of the issues in a different cause of action. Consequently, because none of the issues in the previous district court action were "actually litigated," there is no collateral estoppel effect stemming from the dismissal.[2]

---

2. The cases cited by defendant for the proposition that a dismissal with prejudice bars plaintiff from later litigating the issue of whether the oil and gas lease was cancelled illegally are inapposite. In all of the cases, the issue that

was precluded in a subsequent action had been "actually litigated" in the previous action. *See Klingman v. Levinson,* 831 F.2d 1292, 1296 (7th Cir.1987) (holding that specific stipulations in the consent judgment satisfied the "actually liti-

## CONCLUSION

Because Mosely's cause of action here could not have been raised in the prior district court action, the doctrine of claim preclusion does not bar his suit in this court. In addition, because the issue raised in the prior action as to the propriety of the BLM's actions was not "actually litigated," defendant cannot invoke collateral estoppel to bar consideration of that issue here. Consequently, the court denies defendant's motion to dismiss. Defendant shall file its answer to the complaint on or before August 12, 1988.

It is so ORDERED.

gated" requirement); *Barber v. International Bhd. of Boilermakers,* 778 F.2d 750, 757–58 (11th Cir.1985) (language in consent decree evidenced the parties' intention to give preclusive effect to the issues presented); *Yachts Am., Inc. v. United States,* 230 Ct.Cl. 26, 32–33, 673 F.2d 356, 361–62 (consent decree provided "that all other claims, counts, counter-claims, *and/or all other issues of any nature whatsoever,* be, and the same are hereby dismissed with prejudice" (emphasis added)), *cert. denied,* 459 U.S. 839, 103 S.Ct. 86, 74 L.Ed.2d 81 (1982); *Rowe v. United States,* 4 Cl.Ct. 39, 40 (1983) ("The district court, on cross-motions for summary judgment, rejected all of plaintiff's claims."). Defendant also cites certain cases for the proposition that a volun-tary dismissal with prejudice bars any subsequent consideration of the issues presented in the first action. *Nemaizer v. Baker,* 793 F.2d 58, 60–61 (2d Cir.1986); *Schwarz v. Folloder,* 767 F.2d 125, 129 (5th Cir.1985) (quoting *Smoot v. Fox,* 340 F.2d 301, 303 (6th Cir.1964)); *Wainwright Sec. Inc. v. Wall St. Transcript Corp.,* 80 F.R.D. 103, 105 (S.D.N.Y.1978). An examination of those cases, and the precedents on which they rely, demonstrates that they are discussing claim preclusion, not issue preclusion. *See, e.g., Panza v. Armco Steel Corp.,* 316 F.2d 69 (3d Cir.), *cert. denied,* 375 U.S. 897, 84 S.Ct. 174, 11 L.Ed.2d 125 (1963), *cited in Smoot,* 340 F.2d at 303.