STATE OF VERMONT

ENVIRONMENTAL COURT

|  |  |  |
|---|---|---|
| | } | |
| In re: McLean Enterprises Quarry } | | |
| (Appeal of Hunter, <u>et al.</u>) } | | Docket No. 224-10-05 Vtec and |
| (Appeal of McLean Enterprises Corp.) } | | Docket No. 121-5-06 Vtec |
| | } | |

<u>Decision and Order on Applicant's Motion to Dismiss</u>

In Docket No. 224-10-05 Vtec, Appellant John Mills is represented by George McNaughton, Esq.; and ten individual Appellants[1] represent themselves; they filed what they characterized as an interlocutory appeal of a Prehearing Conference Report and Order issued on October 7, 2005 by the District 8[2] Environmental Commission regarding a mica/schist rock quarry sought to be operated by Appellee-Applicant McLean Enterprises Corporation (Applicant). Appellee-Applicant is represented by Hans Huessy, Esq. and James P.W. Goss, Esq. The Town of Cavendish entered an appearance as an interested person and is represented by David Grayck, Esq. The Land Use Panel of the Natural Resources Board entered an appearance, represented by John H. Hasen, Esq., on the issue of the procedural status of the purported interlocutory appeal.

---

[1] William A. Hunter, Donna Hiromura Saydek, Robin Timko, George Timko, Terence O'Brien, Marcia Packlick, Robert Davenport, Suzanne Meaney, Tim Jefferson, and Joan Jansak. Another individual appellant, William D'Elia, died during the pendency of these proceedings.

[2] Although the proposed project is located in District 2, the District 8 Commission was assigned to this application as members of the District 2 Commission staff have participated in their individual capacity on the merits of this project.

1

In Docket No. 121-5-06 Vtec, Appellant-Applicant McLean Enterprises Corporation, represented by Attorney Goss appealed from the District Commission's March 15, 2006 denial of approval for one of the proposed quarry sites.  The Town of Cavendish, represented by Attorney Grayck, filed a cross-appeal, as did John Mills, represented by Attorney McNaughton, and twelve other individual cross-appellants[3] who represent themselves.  In addition, thirteen other individuals[4] entered their appearance as interested parties.  For ease of reference the group of individual cross-appellants and interested parties may be referred to from time to time together as the Neighbors.  In addition, the South Windsor County Regional Planning Commission entered an appearance in the appeal through Thomas J. Kennedy, its Executive Director.  The Land Use Panel of the Natural Resources Board also entered an appearance, represented by John H. Hasen, Esq.

Applicant McLean Enterprises Corporation has moved to take a voluntary dismissal of its appeal and cross-appeal in both cases and has moved to dismiss all other appeals and cross-appeals as moot, on the ground that it has withdrawn its application and at the present time does not intend to proceed with a proposal for construction and operation of the so-called North Quarry site located off Tierney Road in the Town of Cavendish.

In order to rule on the pending motions it is necessary to understand the procedural

---

[3] William A. Hunter, Robin Timko, George Timko, Terence O'Brien, Marcia Packlick, Robert Davenport, Deborah Harrison O'Brien, Tim Jefferson, Norma Randall, Michael McNamara, Diane McNamara, Mary McCallum.

[4] Carol O. Behrman, Raymond E. Fitzgibbons, Cindy Fitzgibbons, Janet Horton, Joan Jansak, James Wichelhaus, Maryellen Wichelhaus, Cheryl Leiner, Charles Ringhel, Joyce Ringhel, Kern Phillips, Svetlana Phillips, Joannah L. Merriman.

history of this property as it relates to Act 250. In 2001, Applicant had opened a rock quarry in the so-called North Quarry location on its land off Tierney Road in the Town of Cavendish. Act 250 jurisdiction over the project was the subject of a declaratory ruling; Applicant was required to stop its operations in 2002 until it had obtained Act 250 approval. In 2002, Applicant applied to the District 8 Environmental Commission for an Act 250 Land Use Permit to construct and operate two rock quarry locations: the North Quarry, with access from Tierney Road, and the South Quarry, with access directly to Route 131, together with associated buildings and equipment.

On February 19, 2003 the District Commission issued Land Use Permit #2S1147-1 , approving the South Quarry site, but denying approval for the North Quarry site. Applicant began site work on construction of an access road up a hill (referred to as the South End Hillside) from Route 131 to the South Quarry site. However, the permit for the South Quarry was appealed to the Vermont Environmental Board, which denied it on November 24, 2004,[5] on the grounds that the proposal did not satisfy certain of the Act 250 criteria. 10 V.S.A. §6086(a).

As of October of 2005, the Applicant and the Chair of the Natural Resources Board had agreed on a planting plan to replant the area cut during the time the District Commission's permit for the South Quarry site had been in effect. The parties have not provided this agreement or any order based on this agreement, although they refer to it as an agreement or an order in their various memoranda. It was not filed with the Court as an Assurance of Discontinuance under 10 V.S.A. Chapter 201 and therefore has not been entered as an order of this Court. As described in paragraph 8 of the Order section of the District Commission's October 7, 2005 Prehearing Conference Report and Order, the agreement prohibited further earth disturbance, and established a deadline of May 30, 2006 to plant two rows of conifers, three to four feet high, along the frontage of Route 131, to remove the crushed stone at the curb cut, to spread out the pile of topsoil near where the

---

[5] Re: McLean Enterprises, Inc., Docket No. 829, Findings of Fact, Conclusions of Law, and Order at 88 (Vt. Envtl. Bd., Nov. 24, 2004).

crushed stone is located, and to plant seedling conifers elsewhere on the site where natural seedlings had not taken hold.

After various motions to alter were dealt with by the Environmental Board, Applicant filed a timely application on August 25, 2005 with the District 8 Environmental Commission, under 10 V.S.A. §6087(c)[6] as a so-called "reconsideration" application, seeking approval of the North Quarry site only. (No. 2S1147-1(Reconsideration)).

The District Commission issued a Prehearing Conference Report and Order on October 7, 2005, addressing party status issues, noting that the party status rules had changed during the course of the application, and identifying the applicable Act 250 criteria as Criteria 5 and 9K (traffic safety/congestion, and impacts on adjacent public investments), Criterion 8 (historic sites and aesthetic issues), and Criterion 10 (conformance with local and regional plans). Docket No. 224-10-05 Vtec is the purported "interlocutory" appeal of the Prehearing Conference Report and Order, seeking to raise issues related to party status, parcel size, applicable Act 250 criteria, the schedule of proceedings, motions to dismiss, and the South End Hillside planting plan. On March 15, 2006, the District Commission denied the Reconsideration Application on its merits; Applicant's appeal of that denial was assigned Docket No. 121-5-06 Vtec.

In the present motions Applicant seeks to dismiss all appeals and cross-appeals in Docket Nos. 121-5-06 Vtec and 224-10-05 Vtec on the ground that Applicant "does not intend to proceed with the Project"which is the subject of both dockets, that is, the "mica schist stone quarry located off of Tierney Road in Cavendish, Vermont, as described in Act 250 Application No. 2S1147-1 (Reconsideration)."

---

[6] This section allows an applicant to file a revised application within six months of a denial, correcting "the deficiencies" for which the application was denied, and requesting "reconsideration" of the application, that is, requesting consideration of the revised application.

An applicant-landowner is entitled to withdraw an application and abandon plans[7] for a particular project, while retaining its rights to propose to develop that property in the future. Without having before us any such future proposal, it would be an impermissible advisory opinion for this Court to discuss the degree to which a successive Act 250[8] application must differ from a previously denied one in order to be considered on its merits. All we determine in the present case is that Applicant is entitled to withdraw its revised application (No. 2S1147-1(Reconsideration)) for approval of the North Quarry site. The Court must then determine whether the appeals and cross-appeals should be dismissed, V.R.C.P. 41(a)(2), and what should be the appropriate terms or conditions of such a dismissal.

---

[7] Moreover, from the point of view of judicial administration, it does not make sense for a court to require a party which has the burden of proof to proceed with a hearing on an application or complaint which it has stated its intention not to pursue. Secretary, Vermont Agency of Natural Resources v. Lyndonville Savings Bank & Trust Co., Docket No. 40-3-99 Vtec (Vt. Envtl. Ct., Nov. 17, 1999); Agency of Natural Resources v. Mountain Valley Marketing, Inc., Docket No. E90-007 (Vt. Envtl. Ct., June 19, 1991). That is, to proceed to a de novo trial "with an unwilling plaintiff, even if it could be enforced, would be an expensive luxury." Smoot v. Fox, 340 F.2d 301, 303 (6th Cir. 1964).

[8] In several recent cases the Vermont Supreme Court has analyzed the analogous issue with respect to municipal permits under 24 V.S.A. §4470(a) and the so-called successive application doctrine, see, e.g., In re Jolley Associates, 2006 VT 132. ¶12, citing In re Appeal of Carrier, 155 Vt. 152, 158 (1990); In re Armitage, 2006 VT 113.

In civil cases initiated by a complaint, a first voluntary dismissal under V.R.C.P. 41(a)(2) is generally made "without prejudice," while a subsequent dismissal would be either with prejudice or by payment of certain of the defendant's litigation costs, or both, as the second litigation would not have been necessary but for the refiling of the complaint by the plaintiff. See discussion in <u>Secretary, Vermont Agency of Natural Resources v. Lyndonville Savings Bank & Trust Co.</u>, Docket No. 40-3-99 Vtec ((Vt. Envtl. Ct., Nov. 17, 1999) also see decision on later motion issued January 22, 2001). That is, a defendant may be expected to expend preparation costs once, even if they are not used until the complaint is refiled, but not to be indefinitely subject to successive litigation.

In any event, dismissal of litigation "with prejudice" only means that the same case or complaint cannot be refiled. The concept therefore has little application to an appeal such as the present one which is already subject to the successive application doctrine and the successive application provisions of Act 250 (and its administrative rules). The limiting factor in the present case is whether Applicant can file a future application at the District Commission involving the North Quarry site, and how different such an application would have to be from the already-denied applications to be considered in the first instance by the District Commission. This is an issue which is not before this Court at this time, as no such application has been filed.

The Town of Cavendish and the Neighbors requested that this Court impose conditions in connection with this order of dismissal stating the legal effect of affirmative findings made in the original Land Use Permit (#2S1147-1) that was reversed by the Environmental Board. Applicant's withdrawal of its North Quarry application has no effect on the District Commission's 2003 or 2006 denials of approval for the North Quarry site; those denials remain in effect. Applicant's withdrawal of its North Quarry application has no effect on the Environmental Board's 2004 denial of approval for the South Quarry site; that denial also remains in effect.

The North Quarry application only sought approval of a revised proposal for the North Quarry site. The withdrawal of this application and the dismissal of these appeals do not operate retroactively to vacate either the District Commission's 2003 denial of approval of the North Quarry site or the District Commission's 2006 denial of approval of the North

6

Quarry site. In any event, regardless of whether this Court made a ruling as to whether the dismissal of the present appeals is with or without prejudice, any future application for approval of the North Quarry site would have to meet the substantive requirements of the law at the time that it is filed, and would be subject to the procedural rules of the now-Natural Resources Board, applied in the first instance by the District Commission at the time such application may be filed.

The Town of Cavendish and the Neighbors also request that this Court impose conditions in connection with this order of dismissal concerning remediation of the South End Hillside, remediation of the North Quarry site, and certain costs of their litigation before the District Commission.

As discussed above, the present application did not relate to the South End Hillside, although it is possible that conditions relating to the South Quarry site could have been imposed in connection with any approval of activities at the North Quarry site. In any event, the "remediation agreement" alluded to by the parties as being in effect regarding Applicant's activity on the South End Hillside is not the subject of the present application, and hence is not affected by the withdrawal of that application. If any enforcement proceedings or consent orders (assurances of discontinuance) within the jurisdiction of this Court involving the South End Hillside are warranted, they have not been filed with this Court as of the present time. See, generally, 10 V.S.A. Ch. 201.

Similarly, if any "remediation" is necessary due to Applicant's 2001 activity at the North Quarry site, it is not affected by the withdrawal of the present application for the North Quarry site. That is, if any enforcement proceedings or consent orders (assurances of discontinuance) within the jurisdiction of this Court involving the North Quarry site, or the stay issued in 2002, are warranted, they have not been filed with this Court as of the present time.

Finally, the Neighbors seek reimbursement for the costs they incurred in hiring an expert witness on the subject of acoustics and sound attenuation, who presented evidence at the District Commission concerning the location, design, and surrounding vegetation of the North Quarry site and its effect on the noise levels expected to be experienced in the neighborhood. In the context of the present dismissal, which leaves in place the District

7

Commission's 2006 denial of the North Quarry site, it would be inappropriate to award any costs to cross-appellants, as no evidence was in fact presented at the Court level in the dismissed appeal.  That is, before the District Commission the Neighbors expended costs on an expert witness, and achieved a denial of the permit; none of the costs were due to the filing of the appeal to this Court and none of the costs were expended in presenting evidence in the appeal.  It will be for the District Commission in the first instance, and not for this Court, to determine whether or to what extent any noise attenuation issues may  be present in any future application for this site.

Applicant's petition to hold William Hunter in contempt for the unauthorized practice of law is also hereby DISMISSED as moot.  Many unrepresented individuals appear on their own behalf or as members of a group[9] of appellants before this Court; some of them are former or retired lawyers, lawyers admitted only in other states, or law students not yet admitted to the practice of law.  All unrepresented individuals are held to the same standard that they may not represent others in the proceedings on the merits or on substantive motions; however, for the management of telephone conferences such a group sometimes selects a representative and an alternate to participate in the procedural conferences and to report back to the others.

Accordingly, for the reasons given above, based on the withdrawal of the application that is the subject of these appeals, Applicant McLean's Motion to Dismiss all appeals and cross-appeals is HEREBY GRANTED: the above-captioned appeals and cross- appeals are DISMISSED as moot.  These dismissals do not adjudicate the merits of the application that was the subject of the above-captioned appeals. These dismissals are <u>with prejudice to any reinstatement of the present appeals</u>, but they are <u>without prejudice to any future applications</u> that may be made at the District Commission in the first instance for future

---

[9]  In municipal appeals, provision is made for a group representative when it is a group that has party status under 24 V.S.A. §4465(b)(4).

projects on this property.  Any such future applications for Act 250 approval of any proposed projects on the subject parcel would have to be made in the first instance to the District Commission before they could be the subject of an appeal to this Court.


Done at Berlin, Vermont this 22nd day of December, 2006.


_____
Merideth Wright
Environmental Judge